# Cefalu *v.* Dearborn & Warfield.

## *Detinue.*

(Decided May 24, 1909.  49 South. 1030.)

1. *Appeal and Error; Review; Finding by Trial Court; Conclusiveness.*—Where there is no special finding of facts by the court and no request therefor where the trial is by the court, the judgment takes the place of the verdict and will be reviewed on appeal as such.

2. *Same; Record; Matters Not Shown.*—Where the record fails to show affirmatively judgment upon demurrers, a defendant can take nothing on appeal by reason of demurrers to his pleas.

3. *Same; Harmless Error.*—Where there was evidence that the value of the machine was greater than the alternate value fixed by the judgment any error in admitting other evidence of its value

[Cefalu v. Dearborn &· Warfield.]

after the case was submitted and argued, on the ground that there was no evidence to show its value, was not prejudicial.

4. *Reception of Evidence; Time.*—It is within the discretion of the trial court to permit either party to introduce evidence before the case is finally submitted.

5. *Same; Reception of Evidence; Time for Objection.*—Where the trial judge states, during the argument, that he will subsequently allow proof of value of the property, if necessary, the time to object to such proof was upon the court's statement; counsel cannot reserve the right to object if the verdict should be against him.

6. *Detinue; Value of Property; Judgment.*—Where the action of detinue was based on a conditional sales contract and the defendant does not suggest that the court ascertained the amount of the debt for the unpaid balance of the purchase price, and if it were less than the value of the property that judgment be rendered for the property or in the alternative for the amount of the debt, (Sec. 1477, Code 1896.) it was necessary that the value of the property be fixed by the verdict in order to support a judgment for plaintiff.

APPEAL from Jefferson Circuit Court.

Heard before Hon. A. O. LANE.

Dearborn & Wakefield sued William Conniff in detinue for a typewriter. Coniff suggested Cefalu as the claimant and he came in and defended. From a judgment for plaintiff the suggested defendant appeals. Affirmed.

WILLIAM CONNIFF, for appellant. The court erred in reopening the case after it had been submitted to him.— 15 Ency. P. & P. 403; 5 Mo. 71; 6 South. 291. The plaintiff should have restored to the defendant the part of the price paid before retaking the machine.—*Jones v. Anderson,* 2 South. 912; *Jesse French P. &O. Co. v. Bradley,* 35 South. 44; *Walker v. L. & N.,* 20 South. 358.

DIXON & DARDEN, for appellee. No brief reached the Reporter.

MAYFIELD, J.—This was an action of detinue, instituted by appellees against Wm. Conniff, in the inferior court of Birmingham, to recover a Smith Premier typewriter. Conniff, as is authorized by statute, sug-

gested the appellant as claimant, who thereupon had himself made party defendant, and answered the complaint. The trial in the inferior court resulted in a verdict and judgment in favor of the plaintiffs, from which judgment the defendant, claimant, appealed to the city court of Birmingham.

The plaintiffs claim title under a conditional sale by which they as vendors retained title to the machine until the purchase price was paid. The conditional sale was not controverted, nor was the fact disputed that the whole of the purchase price had not been paid; but the defense set up was that there was a breach of warranty by the plaintiffs, vendors, in that the plaintiffs warranted it to be a first-class machine in every respect, whereas, in fact, it was a defective machine, not worth the price at which it was sold, and that the defendant before the bringing of the suit had offered to pay $45, which, together with that which had been paid, he alleged was the full value of the machine, and he also filed pleas of set-off or recoupment based upon the breach of warranty. The trial was had in the city court without a jury, and resulted in a verdict and judgment for the plaintiffs for the machine, or for its alternate value, fixed at $60.

It appears that the case was tried and argued upon a certain date before the judge of the city court of Birmingham, at which time he did not decide the case or render judgment; that on a subsequent day of the term the judge sent for the parties or their counsel to appear in court; that counsel for defendant appeared and asked if the court had sent for him, whereupon the court stated to him that he had, and had sent for plaintiffs' counsel, informing defendant's counsel that in the opinion of the court the plaintiffs were entitled to a judgment, but that they must furnish proof of the value of the machine. The defendant's counsel then and there

[Cefalu v. Dearborn & Warfield.]

objected to the cause being reopened for further testimony, and left the court room, and failed to await the arrival of plaintiffs' counsel. After plaintiffs' counsel arrived, the court permitted plaintiffs to introduce evidence as to the value of the machine, and the court thereupon rendered judgment in favor of the plaintiffs for the machine, fixing the price at $60, and then and there gave defendant an exception to the judgment rendered by the court. It also appeared that the defendant's counsel, on the argument had made the point that there was no evidence of the value, and that the court then stated that, if necessary, the plaintiffs would be allowed to prove the value of the machine, as the point was technical.

The appellant assigns various errors: First, in that, the evidence having been demurred to, the record does not show that the testimony was reduced to writing and signed by the judge and made a part of the record, etc.; second, in that the record does not show the ruling of the court on plaintiffs' demurrers to defendant's pleas; further, in that the court reopened the cause over defendant's objection, and allowed testimony as to the value of the machine; in the verdict and judgment—as being contrary to the evidence; and, finally, in that verdict was not rendered for the defendant, the defendant being thereto entitled, under the evidence and the law, when the cause was submitted to the court, and the court not having the power to thereafter allow evidence necessary to support a verdict for the plaintiffs. When the court tries the cause without a jury, and renders judgment on the evidence, and there is no request for a special finding and no such finding, the judgment of the court takes the place of the verdict of a jury, and it is not subject to review on appeal except in the manner that the ver-

[Cefalu v. Dearborn & Warfield.]

dicts of the juries are reviewed.—*Western Union Tel. Co. v. White,* 129 Ala. 188, 30 South. 279; *Chandler v. Crossland,* 126 Ala. 176, 28 South. 420; *Bank of Tallade-ga v. Chaffin,* 118 Ala. 246, 24 South. 80; *Quillman v. Gurley,* 85 Ala. 594, 5 South. 345. It does not appear from the record that there was any demurrer to the evidence by the plaintiffs in the city court in which the trial was had de novo. The demurrer to the evidence complained of was had in the inferior court. The defendant can certainly take nothing on this appeal, for the reason that the record does not affirmatively show the judgment of the court upon plaintiffs' demurrers to defendant's pleas. We do not decide that it was error in the trial court to allow plaintiffs, after the cause was submitted and argued, to offer evidence as to the value of the machine, for the reason that it affirmatively appears that the appellant was not injured thereby. The record does show that there was evidence as to the value of the machine, to wit, to the effect that the machine was sold by plaintiffs to defendant, and that the value of the machine, as agreed between them at the time, was $107; so, if the court had acted upon this evidence alone, the defendant was benefited rather than injured by the subsequent evidence allowed by the court. Certainly the court before the cause was finally submitted could have allowed either party to introduce other evidence. This would have been clearly within the discretion of the trial court as is often proper and necessary; and it appears that the court informed counsel during the argument that it would subsequently allow proof of such value if it became necessary. Counsel should at the time have objected, and not have taken chances on the verdict being in his favor, and reserved the right to object if it should be against him. The defendant would have had a right, under section 1477 of the Code of 1896,

to suggest to the court that it ascertain the amount of the debt for the unpaid balance of the purchase price of the machine, and, if ascertained that the debt be less than the value of the property, that judgment be rendered for the property, and, if it be not had, then for the amount of the debt ascertained, and, if the debt so ascertained, interest, and costs be paid within thirty days, that no execution should issue on the judgment. This not having been done, and the verdict having been found in favor of the plaintiffs, and that they were entitled to the property no matter what its value, consequently it was absolutely necessary that the value of the property be fixed by the judgment or finding in order to support a verdict for the plaintiffs.

There being no reversible error, the judgment of the city court is affirmed.

Affirmed.

DOWDELL, C. J., and ANDERSON and MCCLELLAN, JJ., concur.