# Southern Ry. Co. *v.* Hatter & Son.

## *Damage for Loss of Goods.*

(Decided Jan. 20, 1910.    51 South. 723.)

1. *Carriers; Loss of Goods; Measure of Damages*—The true measure of damages for the loss of goods in shipment is the reasonable market value of the goods, and the fact that the suit was on the bill of lading for breach of contract to deliver, can make no difference unless special damages arising from the breach are claimed or shown.

2. *Trial; Reception of Evidence; Re-opening Case.*—It was within the discretion of the trial court sitting without a jury to re-open the case and permit the introduction of other evidence, while holding the case under advisement before judgment was renderd.

APPEAL from Mobile Law and Equity Court.

Heard before Hon. SAFFOLD BERNEY.

Action by T. A. Hatter & Son, against the Southern Railway Company, for damages for loss of goods. Judgment for plaintiff and defendant appeals. Reversed and remanded.

BESTOR, BESTOR & YOUNG, for appellant.—The true measure of damages was the reasonable market value of the goods, and hence, the court erred in admitting testimony as to the price which plaintiff had sold the goods to another person.—*Roden & Co. v. Brown,* 103 Ala.

327; *A. G. S. v. Moore,* 109 Ala. 397; *Meyer Bros. D. Co. v. Puckett,* 139 Ala. 337; *Bir. R. & E. Co. v. Eiland,* 139 Ala. 452. Counsel insist that the court erred in reopening the case, but cite no authority.

McINTOSH & RICH, for appellee.—Counsel insist that the court did not err in the admission of testimony.—13 Cyc. 23; *Buist v. Guice,* 96 Ala. 259. Counsel criticise authorities cited by appellant, and insist that they have no application to the case at bar.

DOWDELL, C. J.—This is an action to recover damages of the defendant railway company for loss of goods in shipment. The case was tried below by the court without the intervention of a jury. The only question at issue in the trial court was as to the measure of damages.

The true measure of damages in such case was the reasonable market value of the goods lost to the plaintiffs, and not the price at which the plaintiffs had contracted to sell the goods to another party. That suit is upon the bill of lading, for a breach of contract to deliver, can make no difference in the measure of damages, in the absence of any special damages arising out of the alleged breach. The court erred in admitting evidence as to the agreed price of the sale of the goods to a third party, and it appears from the record that it was upon this evidence that the court, in the judgment rendered, based its ascertainment of damages.

The court committed no reversible error in opening the case, after the evidence was closed, and while the cause was being held under consideration, and before judgment had been rendered, to allow the plaintiffs to introduce other evidence. This was within the discre-

[Central of Ga. Ry. Co. v. Burton.]

tion of the trial court.—*Cefalu v. Dearborn & Warfield,* 162 Ala. 105, 49 South. 1030.

For the error pointed out, the judgment is reversed, and the cause remanded.

Reversed and remanded.

SIMPSON, McCLELLAN, and MAYFIELD, JJ., concur.