[Louisville & Nashville Railroad Co. v. Shepherd.]

# Louisville & Nashville Railroad Co. v. Shepherd.

## Damage to Live Stock.

(Decided November 14, 1912.   Rehearing denied January 13, 1913.
61 South. 14.)

1. *Carriers; Live Stock; Special Contract; Care.*—A carrier of live stock may make a special contract with the shipper, whereby the shipper assumes the duty of guarding the stock against such risk as might be incurred by a lack of proper bedding in the car.

2. *Same; Pleas; Performance.*—A plea alleging that the animals were shipped under a special contract, in consideration of a reduced rate, by which plaintiff agreed at his own expense to provide such bedding or other suitable appliances in the car as would enable the animals to stand securely on their feet, and that plaintiff failed to provide such bedding and the animals were injured by reason thereof, cannot be construed as alleging a guaranty by the shipper that the animals would stand securely while in the car without reference to violent shocks or rough usage, to which they might be exposed by the negligent handling of the train.

3. *Same; Breach of Contract.*—A plea that under the special contract of shipment plaintiff agreed to furnish suitable bedding or other appliances to enable the animals to stand securely in the car, and that they were injured by plaintiff's failure to do so, should have alleged further that defendant's negligence did not contribute to the result and was subject to demurrer pointing out that defect.

4. *Same.*—A plea alleging that plaintiff's cattle were injured by reason of being weak, overloaded, suffocation, heat, fright or viciousness, within the provisions of the shipping contract exempting the carrier from liability or injury so caused, should allege further that defendant's negligence in transporting the stock did not contribute to the injury and failing to do so was subject to demurrer.

5. *Same; Notice of Claim; Time; Waiver.*—Where defendant carrier denied any right of plaintiff to look to it for damages for injury to plaintiff's cattle, for the reason that plaintiff had no contract with defendants, such denial was inconsistent with an intention on defendant's part to recognize any contractual liability to plaintiff, even if the stipulations for notice were complied with, and was hence, a waiver of a compliance by plaintiff with such stipulation as to notice.

6. *Same; Notice; Pleading; Replication.*—Where the action was for injury to live stock in transit, and the plea was failure to comply with the requirements of the shipping contract as to notice to the carrier of the claim, a replication averring that within the time allowed by the contract plaintiff's agent made a claim upon the

[Louisville & Nashville Railroad Co. v. Shepherd.]

defendant, and that the defendant denied any liability for the reason that plaintiff's remedy was against the initial carrier, such replication was good as against demurrer that it did not show that notice was given to, and a denial of liability made by an agent authorized by the terms of the shipping contract to bind defendant.

7. *Same; Terminal Carrier; Acceptance; Evidence.*—Where the action was against a terminal carrier for injuries to live stock, evidence that it had been the carrier's general practice not to receive cattle from a connecting carrier without making objection if any of the cattle were injured, and that the car in question was accepted without objection, was competent to show that the cattle had not sustained apparent injury when received by the terminal carrier.

8. *Same; Plea; Burden of Proof.*—Where the plea was that it was the duty of the shipper to give notice in writing of his claim to some officer of defendant, or its nearest station agent, before the stock was removed, and that the shipper failed to comply therewith, and the replication set up a waiver on which defendant joined issue, the burden was on defendant to establish the plea.

9. *Same; Stipulations; Waiver; Instructions.*—A charge asserting that only an officer of defendant, or the nearest station agent to the stock yards where the cattle were unloaded, had authority to waive the provision for notice of injury under the stipulations and provisions of the contract of shipment was properly refused as involving the untenable proposition that the existence of such a contract deprived the carrier of the right to waive the requirements as to notice of loss or injury by the act of any duly authorized representative other than those specified in the contract.

10. *Appeal and Error; Harmless Error; Evidence.*—Where evidence of conversation with defendant's agent was admitted without proof of the agent's authority to act in the transaction, any error was cured by evidence subsequently introduced to prove that the agent had authority to represent and speak for the defendant in the matter in controversy.

11. *Same; Review; Questions Presented.*—Where a charge is hypothesized upon the existence of a fact of which there is no evidence in the bill of exceptions, the trial court cannot be put in error for refusing it.

12. *Charge of Court; Covered by Those Given.*—It is not error to refuse charges substantially covered by written charges given.

13. *Same; Assuming Facts.*—Charges which assume facts of which there is no evidence or concerning which there is a material conflict, are properly refused.

APPEAL from Birmingham City Court.

Heard before Hon. CHARLES A. SENN.

Action by H. H. Shepherd against the Louisville & Nashville Railroad Company. Judgment for plaintiff, and defendant appeals. Affirmed.

The complaint contains three counts, alleging damages to certain cattle while being shipped by freight, owing to the negligence of the defendant. The second plea sets up the condition, as a right to recover any damages for loss or injury, that the owner or person in charge shall give notice, in writing, of his claim thereof to some officer of the delivering road, or its nearest station agent, before said stock is removed, etc. Plea A sets up a release from any loss or damage or depreciation which said animals, or any of them, might suffer in consequence of being weak, overloading, suffocation, heat, fright, viciousness, being injured by fire, or other causes, which shall not affirmatively appear to have been caused by the negligence of the defendant, and avers that said animals received their alleged injuries by reason of being weak, or overloading, suffocation, heat, fright, or viciousness.

The following charges were refused to the defendant:

(1) "If you believe from the evidence that the plaintiff failed to give the notice of his claim for damages, as required by the stipulation or provision set out in the second plea of the defendant, or to its nearest station agent to said stockyard, in accordance with the stipulations or provisions set out in said plea, you will find for the defendant under the second count of the complaint."

(2) Same as 1 as applicable to the first count.

(16) "I charge you that, unless you are reasonably satisfied from the evidence that the plaintiff's agent, Neal, had the conversation regarding said cattle with the employee or employees of the defendant before the dead cow was removed from the place of delivery, you cannot find for the plaintiff under the first count of the complaint."

(18) Same as 16 as applicable to the second count.

[Louisville & Nashville Railroad Co. v. Shepherd.]

(13) "You cannot award plaintiff any damages for the cow that died Sunday morning."

(7) "If you believe from the evidence that defendant's assistant yardmaster visited Twenty-Seventh street transfer track about 10 o'clock on the night of November 21st, for the purpose of ascertaining whether or not said cattle were there, and they were not there at the time, and that they were removed from said track about midnight of said night and taken as quickly as practicable under the circumstances to said stockyard, and were not so handled while being so taken as to cause any of said cattle to be injured, you will find for the defendant."

(8) "If you believe from the evidence that the cattle received the alleged injury by reason of their own natural viciousness and propensities, you should find for the defendant."

(9) Practically the same as 8.

(12) "Only an officer of defendant, or its nearest station agent to said stockyard, had authority to waive the stipulations or provisions set out in the second plea of defendant."

TILLMAN, BRADLEY & MORROW, and JOHN S. STONE, for appellant. The court erred in sustaining demurrers to special plea D.—*E. T. V. & G. v. Johnson,* 75 Ala. 603; *C. R. & B. Co. v. Smitha,* 85 Ala. 50; *L. & N. v. Grant,* 99 Ala. 328; 20 N. Y. 232; 42 Am. Rep. 81. On the same authorities, the court erred in sustaining demurrers to plea A. Counsel discuss other assignments of error relative to pleading, but without further citation of authority. They insist that it would have been competent to show the market value of the cows had they been transported in the proper manner, under proper conditions, and within a reasonable time, but

that the question as to value in the manner in which it was asked was subject to the objections interposed.— *R. & D. R. R. Co. v. Trousdale,* 99 Ala. 394. The court was in error in permitting a custom of defendant to be shown, as to the reception of cattle. The charges requested by defendant should have been given.—*L. & N. R. R. Co. v. Landers,* 135 Ala. 508.

HARSH, BEDDOW & FITTS, for appellee. The demurrers to plea B were properly sustained.—*So. Ex. Co. v. Owen,* 146 Ala. 419; *C. of Ga. v. Burton,* 165 Ala. 425; *L. & N. v. Landers,* 33 South. 484. The same argument applies to plea A. The replication was sufficient and not subject to demurrer.—*Western Ry. v. Harwell,* 91 Ala. 347; *L. & N. v. Landers, supra;* 4 Elliott on Railroads, 231; *L. & N. v. Price,* 139 Ala. 219; *So. Ex. Co. v. Caperton,* 44 Ala. 101. No error was committed in the admission or rejection of evidence. Counsel discuss assignments of error relative to given and refused charges, but cite no authority in support of their contention. The burden of proof was on defendant to show the allegation of their pleas.—*Gamble v. Fuqua,* 148 Ala. 434.

WALKER, P. J.—Plea B, after setting out that the animals were shipped under a special contract, made in consideration of a reduced rate for their transportation, averred that "the plaintiff agreed in and by said special contract that he would, at his own expense, provide such bedding or other suitable appliances in the car in which said animals were shipped as would enable them to stand securely on their feet while in said car; and the defendant avers that the plaintiff failed to provide such bedding or other suitable appliances, and that said animals were injured by reason of such failure."

The action of the court in sustaining a demurrer to this plea is assigned as error. It is not doubted that it is permissible for a contract for the shipment of live stock to put upon the shipper the duty of guarding against such risks as the stock would be exposed to by a lack of proper bedding in the car. This duty is one which is not necessarily assumed by the carrier, but, like the duties of loading and unloading the stock, and of watering, feeding, and caring for them on the journey, may appropriately be undertaken by the shipper.—*South & North Ala. R. Co. v. Henlein,* 52 Ala. 606, 23 Am. Rep. 578; *East Tennessee, Va. & Ga. R. Co.  v. Johnston,* 75 Ala. 596, 51 Am. Rep. 489; *Central R. & Banking Co. v. Smitha & Chastain,* 85 Ala. 47, 4 South. 708; *Stiles v. Louisville & Nashville R. R. Co.,* 130 Am. St. Rep. 429, 446, note; 4 Elliott on Railroads, § 1553. An obvious purpose of such a provision is that the animals be given a more secure footing than they would have if the floor of the car was left bare and liable to become smooth and slippery by the uses to which it is to be put.

But it is suggested in the argument of the counsel for the appellee that the stipulation set out in the plea is invalid, because it undertakes to make the shipper guarantee that the animals would stand securely on their feet while in the car, no matter to what violent shocks or rough usage they might be exposed by a negligent handling of the train. We are not of opinion that such a meaning can fairly be imputed to the provision. Its terms do not suggest that it was any part of its purpose to relieve the carrier of responsibility for the breach of any duty with which it remained chargeable. It does not purport to cast upon the shipper anything more than the risk of such loss or damage as may be traceable, not to the negligence of the carrier, but to the lack of bedding in the car, or a suitable substitute for

it. So we do not assent to the suggestion that the provision is an invalid one.

But, under the rule prevailing in this state, in order for the carrier to sustain a claim that it is exempt from liability by virtue of such a provision in the shipping contract, it is not enough for it to show that the shipper's neglect to take the precaution stipulated for on his part contributed to the injury complained of; but it must go further and show that its own negligence did not contribute to that result. "If a special contract is made and a loss or injury occurs, the carrier cannot claim exemption from liability, unless he shows, not only that the cause of the loss or injury was within the limitation of the contract, but that it was without negligence on his part."—*South & North Ala. R. Co. v. Henlein, supra; Central of Georgia R. Co. v. Burton,* 165 Ala. 423, 51 South. 643; *Chicago, etc., Ry. Co. v. Calumet, etc., Farm,* 194 Ill. 9, 61 N. E. 1095, 88 Am. St. Rep. 68, 122. It follows that a plea which assigns as a cause of the injury complained of the shipper's failure to take a precaution which his contract with the carrier made incumbent upon him, but does not negative the conclusion that negligence on the part of the carrier also contributed to that result, shows less than is required to be shown to entitle the carrier to the exemption from liability for which it contracted. As this fault in the plea was pointed out by the demurrer to it, the conclusion is that the court did not err in sustaining that demurrer.

Similar considerations lead to the conclusion that the court did not err in sustaining the demurrer to plea A.

To the plea setting up the failure of the owner or person in charge of the stock to comply with the stipulation in the shipping contract requiring a written notice

to the carrier of a claim to damages for loss or injury to the stock, the plaintiff filed a special replication, which averred, in effect, that, within the time allowed by the stipulation for the giving of such notice, the plaintiff's agent made claim upon the defendant and offered to compromise the claim, and that the defendant declined to entertain the offer, claimed that it was not liable for any damage, and that the plaintiff had no contract with it, but that his contract was with another railroad. The averments of the replication fairly import that the defendant, when informed of a claim in behalf of the plaintiff, disavowed any liability to him, not on the ground that its liability was subject to a condition which had not been complied with, but on the ground that the plaintiff had no contract under which it could be held. A denial by the defendant of any right of the plaintiff to look to it for damages for a loss complained of was inconsistent with an intention on its part to recognize its contractual liability to him if a stipulated condition was complied with, and was a waiver by it of a compliance with such condition.—*Hudson v. Northern Pacific Ry. Co.,* 92 Iowa, 231, 60 N. W. 608, 54 Am. St. Rep. 550; *Western Assurance Co. v. McAlpin,* 23 Ind. App. 220, 55 N. E. 119, 77 Am. St. Rep. 423; 4 Elliott on Railroads, § 1514; Bishop on Contracts, § 792. Several of the grounds of the demurrer to the replication imply that the stipulation as to notice set out in the plea had such effect that the owner of the stock, in making a claim against the carrier, could act only in person, or through another who was in charge of the stock, and could deal only with an officer or agent of the carrier to whom the notice in such case was required to be given. That stipulation was for the benefit of the carrier. There is nothing in it purporting to affect the carrier's right to deal with the

shipper or his authorized representative, in reference to the subject of the shipment, through any agent having authority to bind it in the premises. The averments of the replication are plainly to the effect that the denial of liability was by the defendant, which certainly imports action binding upon it.—*United States Life Insurance Co. v. Lesser,* 126 Ala. 568, 28 South. 646; *Johnson v. Aetna Insurance Co.,* 107 Am. St. Rep. 92, 104, note. We are not of opinion that the replication was subject to demurrer on either of the grounds assigned.

A judgment of reversal was heretofore rendered in this case, which was based upon the conclusion, then expressed, that there was an absence of evidence tending to show that a person with whom the plaintiff's witness Neal stated that he had a conversation after the arrival of the cattle at their destination was an agent of the defendant having authority, real or apparent, to represent or speak for it in the matter of a claim by the plaintiff for loss of or injury to the cattle; and that, because of the absence of such evidence, there was error in admitting, over objection, testimony as to what was said by such person on that occasion. On a reconsideration of the evidence in the case, we have reached the conclusion that the error of the court in admitting the testimony referred to, without first requiring proof of such person's agency, was cured by evidence subsequently introduced, which had a tendency to prove that he was an agent of the defendant having authority to represent or speak for it in the matter of the claim made by the plaintiff, and to waive or dispense with the requirement of the shipping contract as to written notice to the carrier. It follows that the disposition of the case heretofore made by this court cannot be sustained on the ground then assigned.

It became : a · question · in the trial . whether .injuries claimed ·to have been sustained by the cattle were in-flicted while. they were in the possession of the initial carrier, or after they were. delivered to the defendant, which was. the terminal carrier. If it was and had been the general practice of the defendant in the conduct of its business, when the initial carrier tendered to it, as the connecting carrier, .a car of cattle, ·not to receive it without making an objection if any of the cattle were injured, it cannot be said that its acceptance of the car load of cattle without making any objection was with-out a tendency to support an inference. that the cattle, when received by .it, had not sustained apparent inju-ries. We are not of opinion that the court committed reversible error in its rulings in this connection. Such evidence may be of little probative value, and may be effectually rebutted by affirmative testimony having a contrary tendency. The question of its weight is one for the jury, under appropriate instructions of the court as to their duties in passing on the evidence submitted to them.

We find nothing of which the appellant properly can complain in other rulings. on evidence, which are men-tioned in the argument of the counsel for the appellant.

On the issue joined on plea 2, .the burden was on the defendant to prove that the contract· under which the cattle were transported contained the stipulation set out in that plea. Under the evidence in the case, the question as to whether the averments of that plea were proved was one for the jury; a finding that they were proved being dependent upon the jury's belief in the truth of testimony offered by the defendant, which tended to prove that a paper offered in evidence by it was a copy of that contract. In this condition of the evidence, the trial court cannot be put in error for re-

fusing to give a charge involving the assumption that that paper was a correct copy of the contract under which the cattle were transported. The refusal of the court to give written charges 1, 2, 13, 16, and 18, requested by the defendant, may be justified by the fact that each of those charges involved the assumption that the contract under which the cattle were transported contained the stipulation as to notice set out in plea 2.

The proposition embodied in charges 8 and 9, requested by the defendant, were substantially covered by written charges given at its request. A similar statement is applicable to refused charge 7. Besides, that charge hypothesizes the jury's belief in the existence of a fact of which we find no evidence in the bill of exceptions.

Written charge 12, requested by the defendant, was properly refused, as it involved the untenable proposition that the existence of such a contract as the evidence tended to prove had the effect of depriving the carrier of the right, by the act of its duly authorized representative other than one of its officers or its station agent nearest to the stockyards, to waive the requirement as to written notice being given of a claim for damages for loss or injury to the stock transported.

What has been said disposes of the contentions raised on the record, which have been sought to be sustained by argument. A reconsideration of the record has brought us to the conclusion that it shows no reversible error.

Affirmed.