INGRAHAM, P. J., and CLARKE, and DOWLING, JJ., concur. SCOTT, J., dissents.

---

### MASON MFG. CO. v. ADAMS.

(Supreme Court, Trial Term, Rockland County. May 7, 1912.)

1. MECHANICS' LIENS (§ 114*)—ASSIGNMENT OF CLAIM—NECESSITY OF FILING.
   Lien Law (Consol. Laws 1909, c. 33) § 15, providing that no assignment of the money due or to become due to a contractor for the improvement of real property shall be valid until the contract or a statement of its substance, and such assignment, or a copy of each, be filed in the office of the county clerk, is designed for the protection of laborers and materialmen; and an order which attempted to assign funds due for im-

provements to property given to one not a laborer or materialman, was invalid, where not filed.

[Ed. Note.—For other cases, see Mechanics' Liens, Cent. Dig. § 149; Dec. Dig. § 114.*]

2. MECHANICS' LIENS (§ 114*)—ASSIGNMENT OF CLAIM—NECESSITY OF FILING.
An assignee of funds in the hands of an owner of property due for improvements cannot complain of the payment of sums to the contractors after notice of the assignment, where it had not been filed as required by Lien Law (Consol. Laws 1909, c. 33) § 15, and there was no showing that these funds were not paid to laborers and materialmen, who could have had liens on the property.

[Ed. Note.—For other cases, see Mechanics' Liens, Cent. Dig. § 149; Dec. Dig. § 114.*]

3. MECHANICS' LIENS (§ 114*)—ASSIGNMENT OF FUND—ACTION ON—PLEADING—EFFECT OF GENERAL DENIAL.
Where the complaint in an action by an assignee of part of a fund due building contractors against the owners of the building did not allege that the plaintiff performed labor or furnished materials for the work done by the contractors for the defendant, and that the order in question was in payment for such labor and material, a general denial was sufficient to raise the defense that the assignment was invalid by reason of a failure to file it as required by Lien Law (Consol. Laws 1909, c. 33) § 15, so that payment to the contractor discharged defendant from liability.

[Ed. Note.—For other cases, see Mechanics' Liens, Cent. Dig. § 149; Dec. Dig. § 114.*]

Action by the Mason Manufacturing Company against Lorenzo C. Adams. Verdict directed for defendant.

Foody & Dey, of New York City, for plaintiff.
George A. Blauvelt, of New York City, for defendant.

TOMPKINS, J. [1] Section 15 of the Lien Law reads:

"No assignment of a contract for the performance of labor or the furnishing of materials for the improvement of real property or of the money or any part thereof due or to become due therefor, nor an order drawn by a contractor or subcontractor upon the owner of such real property for the payment of such money shall be valid, until the contract or a statement containing the substance and such assignment or a copy of each or a copy of such order, be filed in the office of the county clerk of the county wherein the real property improved or to be improved is situated, and in case of such a contract with a municipal corporation, also with the comptroller or chief fiscal officer thereof, and such contract, assignment or order shall have effect and be enforceable from the time of such filing. * * * *"

The above provision is not ambiguous. It declares that all orders or assignments, such as that in the case at bar, are invalid until filed in the office of the county clerk. The order or assignment which is the subject of this action has never been so filed.

The law presumes that the money paid by an owner to a contractor is used by the contractor to pay for the material furnished and labor performed in the doing of the particular work for which it is paid. The contractor is not supposed to divert from this purpose any part of the money needed to pay for the materials furnished and labor performed. The above provision recognizes the right of laborers and materialmen to be paid out of the funds in the owner's hands up to

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the amount called for by the contract, or the reasonable value of the material furnished and labor performed, if no fixed price is set by the contract. It is the purpose of the above provision to protect such laborers and materialmen from any attempt to divert these funds, and to require that notice of such diversion be given to them by the filing of the paper in the county clerk's office, that, having such notice, they may intelligently decide how to act as to both the past and the future work. Harvey v. Brewer, 178 N. Y. 5, 70 N. E. 73; Van Kannel Revolving Door Co. v. Astor, 119 App. Div. 214, 104 N. Y. Supp. 653.

There is no evidence or allegation in the case at bar that the plaintiff's claim against Ibsen and Lockwood arose from performing labor or furnishing material for either of the jobs being done by that firm for the defendant, and it is apparent that the order upon which the plaintiff bases his claim against the defendant was an attempt to divert the funds in the defendant's hands for the payment for those two jobs from the laborers and materialmen, and therefore the order was squarely within the purview of the above provision, and invalid until filed.

[2] The fact that the defendant, after receiving notice of the order to pay money to the plaintiff, made payments to Ibsen and Lockwood, does not affect the merits of this case. There is no claim by the plaintiff that these funds were not paid to laborers and materialmen, who could have filed notices of lien against the defendant's two jobs; and the testimony tends to show that all the money paid by the defendant to Ibsen and Lockwood was used, both before and after such notice, for the payment of such laborers and materialmen, except part or all of the $100 paid by Ibsen and Lockwood to the plaintiff; which undoubtedly represents that firm's profit on the two jobs. As the order to the plaintiff was not filed as required by the above provision, the defendant had a perfect right to make such payments, and he may not be required to pay twice for the same labor and materials. Lawrence v. Dawson, 50 App. Div. 570, 64 N. Y. Supp. 185.

As the order in the case at bar was for a diversion of the funds in the defendant's hands from their proper use of payment for the labor performed and materials furnished for the defendant's two jobs, this case is distinguishable from practically all the cases that have been decided by the courts of this state under the above provision, as in them the orders were for the payment of money to laborers or materialmen, and amounted simply to preferences of some laborers or materialmen over others.

[3] As the complaint does not allege that the plaintiff performed labor or furnished material for the two jobs done by Ibsen and Lockwood for the defendant, and that the order in question was for direct payment to them for such labor and material, the general denial contained in the defendant's answer was sufficient to place at issue the validity of the unfiled order upon which this action is brought.

Under the stipulation entered into in open court, I direct a verdict in favor of the defendant.