MICHELE BAGAGLIO, *et al. vs.* JOSEPH PAOLINO, *et al.*

MARCH 5, 1913.

PRESENT: Johnson, C. J., Parkhurst, Sweetland and Vincent, JJ.

(1) *Pleading. Trespass on the Case.*

In its more comprehensive signification, trespass on the case also includes both assumpsit and case, therefore plaintiff might properly maintain an action of trespass on the case for the recovery of unliquidated damages arising through failure of defendant to perform the obligation of a contract.

(2) *Contracts.*

In an action against defendant to recover the amount in excess of the contract price of a house, which plaintiff was compelled to pay to complete the work, upon default of the defendant, together with other amounts paid by plaintiff in discharging liens and claims on account of purchases by defendant, while plaintiff might pay such claims as would be collectible through lien proceedings and charge the same to defendant, it was incumbent upon plaintiff to establish the justness of the claims, and he must assume the burden of proving that the claimants were legally entitled to the amounts demanded, and charge of the court that plaintiff might recover the amount paid out in the discharge of liens, without waiting until such liens were established, and for such sums as he paid to parties claiming, or who might be entitled to liens and were in a position to, and had given notice, and could establish their liens, constituted reversible error.

TRESPASS ON THE CASE in assumpsit. Heard on exceptions of defendant and sustained.

VINCENT, J. The plaintiffs, husband and wife, on January 4, 1911, entered into a written contract with the defendants for the construction of a house, upon land owned by the plaintiffs in the town of Barrington, for the

sum of $2,000. Under the terms of the contract the house was to be completed by April 30, 1911.

The contract also provided for the payment of the contract price in four installments of $500 each, the first three payments to be made from time to time as the work progressed and the last payment when the house was completed. The plaintiffs made two payments to the defendants, the first of $500 and the second of $400, a deduction of $100 having been allowed by the defendants on account of unsatisfactory work. The house was not completed by April 30, 1911. After waiting a month, observing the disinclination of the defendants to finish it and learning that they had not paid for the lumber and materials already used in the construction thereof, and that some of the creditors of the defendants had filed and other were contemplating the filing of liens for the recovery of the amounts due them, the plaintiffs notified the defendants to proceed no further with the work, and thereupon undertook to finish the same themselves, as nearly in accordance with the original plans as the work already done would permit, and to discharge such liens as had been placed upon the property and pay such claims as might be made the basis of liens thereafter.

The plaintiffs have now brought suit to recover the amount in excess of the contract price which they were compelled to pay to complete the work, together with such other and further amounts as were paid by them in discharging the liens and claims aforesaid.

The case was tried in the Superior Court and a verdict rendered for the plaintiffs in the sum of $516.20. The defendants filed a motion for a new trial on the following grounds: (1) because the verdict was against the law; (2) because the verdict was against the evidence and the weight thereof; (3) because the verdict was against the law and the evidence, and (4) because the damages were excessive. This motion was heard and denied by the Superior Court and the defendants thereupon filed their bill of exceptions embracing twenty-two statements of alleged error.

They now rely, as stated in their brief, upon their exceptions numbered two and twenty-one, which are as follows:

"Second:—The Justice presiding during the trial of said cause denied the defendants' motion to dismiss the case on the ground that the plaintiffs have misconceived their cause of action, to which denial, the defendants duly excepted. The defendants submit that this ruling denying the defendants' motion to dismiss was erroneous and ask that their exception duly taken at the time may now be allowed."

"Twenty-first:—At the conclusion of the charge of the justice presiding, the defendants excepted to that portion of the charge to the jury which states that under those circumstances the parties did not have to wait until they established a lien, but if the parties claimed a lien and were in a position and had given notice and could establish a lien and if the plaintiffs then paid the claims they could recover from the defendants, and all matters in connection with that part of the charge, and ask that their exception duly taken at the time may now be allowed."

The defendants claim, through their second exception, that the plaintiffs in bringing their suit misconceived their form of action which being in trespass on the case is not maintainable for the recovery of damages arising out of a breach of duty on the part of the defendants relating to the performance of their contract and they cite some cases in support of such contention.

In *Malone* v. *Ryan*, 14 R. I. 614, which was a suit for breach of promise of marriage, the form of action was trespass on the case and the writ was served by arrest without being endorsed with any affidavit. The declaration set out a simple breach of promise to marry and the action was therefore *ex contractu* and not *ex delicto*. The court did not find that the form of action was bad, but that inasmuch as the declaration set up a simple breach of contract an arrest without the affidavit provided for in the third clause of Sec. 11, Chap. 299, Gen. Laws of 1909, was not authorized.

The court clearly expressed its opinion that the action of "trespass on the case" which warrants an arrest under the second clause of Sec. 11, Chapter 299, Gen. Laws of 1909, is an action *ex delicto*, or in tort, and not in assumpsit, assumpsit being commonly denominated an action of the case, the word "trespass" being omitted as more appropriate to tort, and consequently that a defendant in assumpsit for a breach of promise of marriage cannot be arrested without the affidavit prescribed by the third clause of Section 11 before referred to, *notwithstanding that the action may technically be properly denominated trespass on the case.*

In other words, the court found that while the form of action was technically correct, the plaintiff could not through its employment in an action *ex contractu* neutralize the statute requiring an affidavit as a basis of arrest.

In *Royce, Allen & Co.* v. *Oakes*, 20 R. I. 418, the defendant, having acted as the servant and agent of the plaintiffs in collecting money for them, neglected, on demand, to pay over the amount. The plaintiffs brought an action of trespass on the case in which the declaration was in form *ex delicto*, the plaintiffs alleging that the refusal of the defendant to pay over the amount collected was negligent, fraudulent, and in violation of his duty. In its decision the court was not concerned because the form of action was trespass on the case, but because the plaintiffs were attempting to recover for money had and received by a tort action. The plaintiff's declaration clearly set forth that their claim was simply for a liquidated sum received by the plaintiffs for their use. They were only entitled, therefore, to maintain an action for money had and received. The plaintiffs could not through the form of their declaration convert such a claim into a tort.

(1)     The difficulty under which the defendants seem to labor in the case at bar arises from their apparent assumption that trespass on the case is a form of action which is only adapted to actions purely *ex delicto*, whereas in its more comprehensive signification it also includes both assumpsit and case.

*Albert's, Ex'x* v. *Blue,* 10 B. Mon. (Ky.) 92. Referring to the older forms of pleading we there find that trespass on the case was the form of action commonly used where we now, presumably for brevity, make use of assumpsit and case.

The case at bar is for the recovery of unliquidated damages arising through the failure of the defendants to perform the obligations of their contract. The amount can only be ascertained through a verdict of the jury, based upon the evidence adduced at the trial. We think that the plaintiffs have a right to proceed by way of an action of trespass on the case, and that the defendants' exception numbered two must be overruled.

(2) The defendants' twenty-first exception is taken to that portion of the charge of the presiding justice wherein and whereby the jury were instructed that the plaintiffs might recover the amounts paid out by them in the discharge of liens without waiting until such liens were established, and that the plaintiffs were entitled to recover for such sums as they had paid out to parties claiming or who might be entitled to liens, and were in a position and had given notice and could establish their liens.

We think this constitutes reversible error. The erroneous theory upon which the trial of the case proceeded is likewise further evidenced by the statement of the court during some discussion as to the admissibility of evidence that "If, as a matter of fact, these claims were owing and the creditor was in a position where he might establish a mechanic's lien and had taken steps to do so, the plaintiffs had a right to liquidate that claim . . . without waiting for the court to pass upon that lien . . . the man has a right to liquidate those claims and protect his property and charge it up against the defendants."

Undoubtedly the plaintiffs would have the right to discharge a perfected lien, that is, one which had been carried to a final judgment, and charge the amount paid to the defendants. In the case at bar the defendants had placed the plaintiffs in a most embarrassing position through their

failure to pay for the materials and labor furnished them in the construction of the house which they had contracted to build, and had left the plaintiffs to get out of their difficulty as best they could. Under these conditions the plaintiffs must either discharge such claims for material and labor as might be the subject of liens or suffer all the losses and disadvantages of delay, together with the additional burden of further expenses which would be incurred in perfecting the liens, for all of which the defendants might be financially irresponsible. We think that in this situation the plaintiffs might pay such claims as would be collectible through lien proceedings and charge the same to the defendants. The plaintiffs, however, in settling such claims must limit each payment to the amount justly and fairly due the claimant. They cannot charge to the defendants anything more than the defendants were legally obligated to pay themselves. In order for the plaintiffs to recover for such payments it is incumbent upon them to establish the justness of the claims. The plaintiffs would not be justified in paying a claim, without proper investigation as to its merits, and then charging the amount so paid to the defendants. The mere preferment of a claim does not prove its validity. If the plaintiffs, in the settlement of claims, pay more than the claimants were properly and legally entitled to, the excess would be a loss which they must bear themselves. The plaintiffs in substantiation of their charges against the defendants, on account of claims paid, must assume the burden of proving the claimants were clearly and legally entitled to the several amounts contained in their respective accounts in much the same manner as proof is required in a suit for recovery on book account.

In the case at bar the plaintiffs seem to have proceeded upon the theory that they had the right to pay whatever amounts were claimed by the several parties for materials and labor and to charge the same to the defendants without further proof as to the propriety or correctness thereof. That a similar theory was adopted by the trial court in the

conduct of the case seems clear from the portion of the charge excepted to and from the statement of the law by the court during the progress of the trial.

Assuming that the plaintiffs were dealing with these matters with honest intentions, it would open the door to fraud, dishonesty and collusion should we hold that the plaintiffs could pay these claims and then charge them to and collect them from the defendants without evidence satisfactorily showing that such charges were just and reasonable.

The defendants' 21st exception is sustained, the other exceptions are overruled, and the case is remitted to the Superior Court with direction to grant the defendants a new trial.

*Irving O. Hunt*, for plaintiffs.

*Frank H. Wildes*, for defendants.

