[No. 12941.   Department Two.   January 15, 1916.]

WILLIAM PAUL, *Appellant*, v. THE CITY OF VANCOUVER, *Respondent*.[1]

ASSIGNMENTS — EQUITABLE ASSIGNMENTS — SET-OFF AND COUNTER-CLAIM—ASSIGNED CLAIMS.  Where plaintiff undertook to complete a defaulted contract for a public improvement, and to pay all claims against the defaulting contractor, the city, upon paying such claims, becomes the owner thereof by equitable assignment, subject to all defenses, and may offset the payments against plaintiff's action for the balance due on the contract, where they were shown to be valid claims and plaintiff was not deprived of any defenses that might be made against them.

Appeal from a judgment of the superior court for Clarke county, Back, J., entered April 9, 1915, upon findings in favor of the defendant, in an action on contract, tried to the court.  Affirmed.

*M. M. Connor* and *Geo. O. Davis*, for appellant.

*Geo. B. Simpson*, for respondent.

PARKER, J.—The plaintiff, William Paul, seeks recovery of the sum of $500 from the city of Vancouver, which he claims as a balance due him upon a street improvement contract entered into between himself and the city.  Trial was had in the superior court, resulting in findings and judgment in favor of the plaintiff for the sum of $27 only, and awarding costs to the city because of tender by it of that sum to the plaintiff.  From this disposition of the cause, the plaintiff has appealed.

In June, 1911, Rector & Daly entered into a contract with the city for the construction of a street improvement.  They executed a bond with sureties to secure the faithful performance of the contract.  Thereafter this contract was assigned by Rector & Daly to E. Schelling, with the consent of the city, who proceeded as if he were the original contractor.

[1]Reported in 154 Pac. 453.

E. Schelling abandoned the contract before full performance thereof, assigned to appellant, William Paul, all sums due under the contract, and left numerous debts incurred in his part performance of the contract unpaid. Thereafter, in September, 1911, appellant entered into a contract with the city, agreeing to complete the construction of the improvement according to the original contract, the city agreeing to pay him therefor all sums due and to become due under the original contract. This new contract between appellant and the city contained, among other stipulations, the following:

"Said second party (appellant) hereby further agrees to pay all just claims against said E. Schelling, which are proven, either by the O. K. of the purchaser or a sworn statement of the claimant. Said unpaid claims to be paid fifty per cent out of the estimate now in the hands of the city clerk as soon as same is turned over to said Wm. Paul and the balance out of the next estimate received."

Appellant executed a bond for the faithful performance of this contract, conditioned as follows:

"The conditions of the above bond are such that whereas the above bounden Wm. Paul, has entered into a contract with the said city, by the terms whereof he undertakes and agrees to take up and complete the unfinished contract of one E. Schelling, assignee of Rector & Daly, for the improvement of Ninth street in said city, and to pay all creditors of the said E. Schelling for debts contracted in the city of Vancouver, Washington.

"Now, therefore, if the said principal shall well and truly perform the said contract and shall pay all claims against the said E. Schelling as above set out and all claims for material and labor used on the said street then this bond shall be null and void, otherwise to remain in full force virtue and effect."

The construction of the improvement was thereafter completed by appellant and accepted by the city, when there remained a balance due thereon from the city to appellant of $500, subject, as claimed by the city, to deductions on

account of claims against Schelling filed with and paid by the city, amounting to $473, leaving a net balance due appellant of $27 only, which the city tendered to him and which he refused. Thereupon he commenced this action.

Prior to the tender, several of the creditors of E. Schelling had filed with the city their claims duly verified by sworn statement of each claimant, as it was agreed such claims should be proven, by that provision of the contract between appellant and the city, above quoted. This, the city decided, was sufficient to warrant it paying the claims, aggregating $473, and deducting that sum from the balance of $500 due appellant upon his contract. The city set up these claims and the payment thereof by it as an affirmative defense, claiming its right and duty to so pay the claims under the terms of the contract, and claiming to be the owner of the claims as against appellant.

The testimony given upon the trial, aside from the sworn statement of each claimant attached to the several claims, we think leads to the conclusion that they are all valid claims of indebtedness incurred by E. Schelling in his part performance of the contract, and that they are such claims as appellant agreed to pay by the terms of his contract and bond, above quoted. Appellant was heard in the trial of this case upon the merits of these claims as fully as if he were being sued thereon by the claimants themselves. His defense thereto was not impaired in the least by the fact that the city was asserting its ownership of and the justness of the claims as against appellant in its affirmative defense to his claim of balance due upon his contract.

It is contended by counsel for appellant that the city had no right under the contract with appellant to pay the claims, and that it could acquire no right as against him by so doing. It is possible that a technical construction of the contract between appellant and the city would not call for payment of the claims by the city; but that does not argue, as we view

the situation, that the city may not have become the owner of the claims by equitable assignment.

We are inclined to agree with counsel's contention in so far that the city could not, by merely paying these verified claims, impair in the least any defense that appellant might have to any of them. They, of course, were not negotiable in the sense that defenses thereto could be cut off by assignment, however innocent the assignee might be. We have noticed that appellant was not deprived of any defense he might have to any of the claims. We think the circumstances were such that the city became the owner of all the claims by equitable assignment in any event, and that, as such owner, it had the right to set them up by way of affirmative defense, but that it took the chances of being able to prove them to be valid claims, and also the chance of any defense appellant might have against any of them as against E. Schelling, the same as any assignee thereof would have to take. Since appellant was not deprived of any defense he might have against any of the claims, we are unable to see that he has any cause to complain of the fact that he was called upon to defend against them in the hands of the city instead of in the hands of the original claimants. We think the city was not a mere volunteer, in view of its interest in the contract calling for the payment of the claims, in the sense that it could not be regarded as the equitable owner of the claims.

As to the merits of the claims, we conclude that the evidence was sufficient to establish them as valid claims, for the payment of which appellant was liable under his contract and bond to the original claimants. Being so liable, he is now liable to the city, the present owner of the claims.

The judgment is affirmed.

MORRIS, C. J., BAUSMAN, MAIN, and HOLCOMB, JJ., concur.