[No. 15213.  Department Two.  August 6, 1919.]

GEORGE B. SIMPSON, *Trustee in Bankruptcy etc., Appellant*, v. SISTERS OF CHARITY OF THE HOUSE OF PROVIDENCE, *Respondent*.[1]

MECHANICS' LIENS—SATISFACTION OF CLAIMS OF OWNER—ESTABLISHMENT OF LIEN—NECESSITY FOR ADJUDICATION. Where the building contract provides that the owner may retain an amount sufficient to indemnify him against any lien or claim for which the owner of the premises might be chargeable, it is not necessary that the lien claims be actually adjudicated, but a compromise and payment of claims pending in litigation entitles the owner to deduct the amounts paid on claims which were shown, by stipulation, to be valid liens against the building for material and labor furnished to the contractor.

SAME. Rem. Code, § 1139, providing that, in case of judgment upon a lien, the owner shall be entitled to deduct the amount from the sum due the contractor, is not a limitation upon the right of the owner to protect his property, and does not require judgment upon a lien to entitle the owner to indemnity.

TRIAL (32)—REOPENING CASE FOR FURTHER EVIDENCE—DISCRETION. It is discretionary for the trial court, after announcement of a tentative decision, to reopen the case for further evidence, where no formal judgment had been entered.

Appeal from a judgment of the superior court for Clarke county, McCroskey, J., entered January 11, 1918, upon findings in favor of the defendant, in an action by a trustee in bankruptcy to recover a balance due upon a building contract, tried to the court. Affirmed.

*George B. Simpson,* for appellant.

*Miller & Wilkinson,* for respondent.

[1]Reported in 182 Pac. 937.

PARKER, J.—The plaintiff Simpson, as trustee in bankruptcy for Moore & Hardin, seeks recovery of a balance of $14,346.50, which he alleges to be due upon their contract for the construction of a hospital building for the defendant Sisters. The defense made is that the Sisters were compelled to pay, and did pay, in defending and satisfying valid lien claims against the building for material and labor, sums largely in excess of the balance of $14,346.50 which would otherwise have been due to Moore & Hardin upon their building contract, which claims were for materials and labor furnished Moore & Hardin in the construction of the building, and thereby became liens encumbering it in an amount largely in excess of such balance due upon the building contract. Trial in the superior court sitting without a jury resulted in findings and judgment denying recovery, from which the plaintiff has appealed to this court.

In the year 1910, Moore & Hardin entered into a contract with the Sisters by which they agreed to furnish material for and construct a hospital building in the city of Vancouver, for an agreed compensation of $88,-000. They proceeded with the construction of the building until its completion on or about March 17, 1911, when they were adjudged bankrupts by the Federal court, and appellant was appointed trustee to wind up their affairs. There had been paid to Moore & Hardin by the Sisters upon the building contract from time to time, sums aggregating $73,653.50. It is the difference between that amount so paid and the total contract price which is sought to be recovered in this action. Among other stipulations in the building contract, we find the following:

"If at any time there shall be evidence of any lien or claim for which if established the owner of the said premises might become liable and which is chargeable

to the contractor, the owner shall have the right to retain out of any payment then due, or thereafter to become due, an amount sufficient to completely indemnify them against such lien or claim. Should there prove to be any such claim after all payments are made, the contractor shall refund to the owner all moneys that the latter may be compelled to pay in discharging any lien on said premises made obligatory in consequence of the contractor's default.''

Lien claims against the building were asserted by those furnishing material and labor to Moore & Hardin in its construction, aggregating over $33,000, all of which remained unsatisfied at the time of the completion of the building and the adjudging of Moore & Hardin to be bankrupt. Actions seeking the foreclosure of these lien claims were commenced in the superior court for Clarke county by the several claimants, the Sisters and Moore & Hardin being made defendants therein. These actions were consolidated for the purpose of trial, and the trial proceeded to the point where the evidence showed, as counsel conceived, in all but two of them, that the claims of lien were good as against the building, at least in an aggregate amount largely in excess of the $14,346.50 remaining unpaid upon the building contract. Counsel for the respective parties in those actions then agreed upon a compromise settlement of the claims, save as to two of them, resulting in payment by the Sisters of the aggregate sum of $14,329 in full settlement of the claims so compromised, which claims, in the aggregate, amounted to approximately $30,000. The trial of those actions had proceeded for several days up to this point, and manifestly counsel for the Sisters were moved to make the compromise settlement in order to avoid what they conceived to be a certainty that the rendering of final judgments therein upon the merits would result in establishing liens against the building largely in excess

of the unpaid balance upon the building contract. At the time of the compromise settlement, the Sisters had incurred expense in defending against these claims an amount far in excess of the $17.50, the difference between the amount paid to the lien claimants and the amount of the unpaid balance upon the building contract. There was a stipulation as to some of the facts, made and signed by counsel for the respective parties, which was used upon the trial, in which we find, among other things, the following:

"That, during the construction of the said building by the said Moore & Hardin under the contract mentioned, said Moore & Hardin employed numerous employees and sublet numerous contracts for the construction of different parts of said building, and purchased materials from divers and sundry persons which went into and became a part of the building, and the said Moore & Hardin became indebted to such employees, subcontractors and materialmen for such labor and material furnished in various amounts, and failed and neglected to pay for all of said material, subcontracts and labor growing out of the construction of said building, and numerous liens were filed on the property of the defendant and on the building constructed by said Moore & Hardin and known as the St. Joseph's Hospital, and on the land on which the building is situated, and when said building was turned over to defendant the lien claims amounted to many thousands of dollars in excess of the balance due the said Moore & Hardin under the said contract, and at said time said Moore & Hardin were bankrupts and insolvent."

This seems to us to be an admission that the valid lien claims against the building, for which the compromise settlement was made, in the aggregate, amounted to more than the balance due upon the building contract.

The principal contention here made by counsel for appellant seems to be that the payments made in sat-

isfaction of the lien claims do not entitle the Sisters to the benefit of such payments as if made to Moore & Hardin or to appellant as their trustee in bankruptcy, because there was no formal adjudication in the superior court of the validity of the claims so satisfied. It seems to us that the real question to be determined by the trial court in this case was not whether or not the lien claims had been formally adjudicated to be valid in an amount aggregating the unpaid balance upon the building contract, but whether or not the lien claims so compromised were in fact valid lien claims against the building in an amount aggregating at least the unpaid balance upon the building contract. It is true that a formal judgment of the superior court so determining would be evidence of the validity of such liens, but we do not understand the law to be that it was necessary that the validity of such liens was required to be proven in this action by a formal prior adjudication thereof in order to give the Sisters the right to satisfy such liens and receive credit upon the building contract price for the amount paid in satisfaction of such liens. In the satisfying of these lien claims it is apparent that the Sisters were doing what they had a right to do under the express terms of the building contract, if the liens were in fact valid and good as against the building which fact seems to us to be admitted by the above quoted portion of the stipulation. In *Kocher v. Mayberry,* 15 Tex. Civ. App. 342, 39 S. W. 604, disposing of a similar contention, the court said:

"The evidence showed clearly that plaintiff owed the sums to the men, who had done parts of the work, and that they were seeking to fix liens upon defendant's property. It is unnecessary for us to go into a minute investigation to ascertain whether they had secured their liens or not. They had the right to do so, and defendant could, we think, recognize it and pay them, if he owed plaintiff a balance. He is not to be

treated as a mere volunteer. Whether he was in fact compelled to pay or not, he could have been compelled to do so, and when he paid the sums, which defendant admits he owed the men, equity should subrogate him to the rights of those whose claims he had discharged.''

See, also, *Bagaglio v. Paolino,* 35 R. I. 171, 85 Atl. 1048, 44 L. R. A. (N. S.) 80. Our own decision in *University State Bank v. Steeves,* 85 Wash. 55, 147 Pac. 645, and *Paul v. Vancouver,* 89 Wash. 331, 154 Pac. 453, lend support to this conclusion, though this exact question was not there presented.

Counsel for appellant invoke the provisions of Rem. Code, § 1139, reading as follows:

''The contractor shall be entitled to recover upon the claim filed by him only such amount as may be due him according to the terms of his contract, after deducting all claims of other parties for labor performed and materials furnished; and in all cases where a claim shall be filed under this chapter for labor performed or materials furnished to any contractor, he shall defend any action brought thereupon at his own expense; and during the pendency of such action, the owner may withhold from the contractor the amount of money for which the claim is filed; and in case of judgment against the owner or his property, upon the lien, the owner shall be entitled to deduct from any amount due or to become due by him to the contractor, the amount of the judgment and costs, and if the amount of such judgment and costs shall exceed the amount due by him to the contractor or if the owner shall have settled with the contractors in full, he shall be entitled to recover back from the contractor the amount, including costs for which the lien is established in excess of any sum that may remain due from him to the contractor.''

The argument seems to be that this section renders it necessary that there be a formal adjudication of the existence of a lien right as against the owner's building before the owner can pay and satisfy such lien

claim and receive credit therefor upon the building contract price as against the contractor. We do not so read that section. We think it is not a limitation upon the right of the owner to protect his property by paying and satisfying valid liens thereon which the contractor should have paid, before incurring expense and costs in defending them and the rendering of final judgment establishing them, which would but increase the amount necessary to satisfy them.

The trial of this case had proceeded in the superior court to a point which seemed to be its conclusion, so far as the introduction of evidence was concerned, when the court announced its decision tentatively against the Sisters and in favor of appellant. Thereafter the court concluded to open the case for the receiving of further evidence, which was accordingly ordered, and upon further evidence being introduced, all parties being given an opportunity to be heard and produce further evidence, the judgment was rendered denying recovery, as already noticed. It is now argued that the trial court erred in opening the case for further evidence after announcing its tentative decision in favor of appellant. It is plain that no formal judgment was rendered in the announcement of such tentative decision, and that the trial court still had jurisdiction over the case. In opening the case for further evidence, the trial court was acting within its discretion, and plainly such discretion was not abused. *Rogers v. Miller,* 13 Wash. 82, 42 Pac. 525, 52 Am. St. 20; *Reiff v. Coulter,* 47 Wash. 678, 92 Pac. 436; *Norton v. Pacific Power & Light Co.,* 79 Wash. 625, 140 Pac. 905.

It is finally contended in appellant's behalf, though we think inconsistently with the admissions made in the stipulation above quoted, and also inconsistently with statements made elsewhere in his brief, that the lien claims compromised and settled in the manner

above noticed were not in fact such lien claims as could have been successfully asserted against the building. We deem it sufficient to say that the record quite convinces us that the lien claims so compromised and settled were valid lien claims against the building and could have been enforced as such had the trial of the foreclosure cases proceeded to final judgment, at least in an amount greater than the total amount paid by the Sisters in their compromise and satisfaction.

The judgment is affirmed.

HOLCOMB, C. J., MOUNT, FULLERTON, and BRIDGES, JJ., concur.