[Decided January 28, 1887.]

## D. J. CHAMBERS v. DANIEL HOOVER.

1. PLEADING — RULES OF CONSTRUCTION. — Under the rule of liberal construction of pleadings of the Code of Washington Territory, a suitor is no longer to be turned out of court, if by making all reasonable intendments in his favor enough can be seized hold of in his pleadings to show that he has rights which ought to be enforced.

2. SAME — MOTION TO REFORM — DEMURRER. — A party may be required, on motion, to conform his statements in pleadings to the rules of good pleading, and if he refuses, may be turned out of court; but as against a demurrer, the office of which is to raise a substantial issue on the law of the case, and not on the law of the practice and pleading, evidentiary facts, and even inferences from averments amounting to mere conclusions of law, will be considered in his favor.

3. FORCIBLE ENTRY AND DETAINER — PLEADING — LIBERAL CONSTRUCTION. — In an action of forcible entry and detainer, a complaint from which it appears that the plaintiff, by an instrument in writing, not witnessed or acknowledged, leased the premises to defendant for at least one year, and probably for a longer period, and that the defendant went into possession; that plaintiff had the option of terminating the tenancy at the end of one year by giving one month's notice; that such notice was given, but that defendant refused to vacate, — is sufficient, without a formal averment to the effect that the defendant withholds the premises by force, under tne provisions of the Code of Washington Territory requiring a liberal construction of pleadings, and a demurrer for failure to state a cause of action should have been overruled.

ERROR to the District Court holding terms at Olympia. Second District.

All the material facts appear in the opinion of the court.

*Mr. T. M. Reed, Jr.,* and *Mr. J. P. Judson,* for the Plaintiff in Error.

The lease set forth in the complaint was not witnessed or acknowledged, and was legal and valid for the period of one year only, and could be terminated by thirty days' notice. Such notice was given. (Code, secs. 2053, 2054, 2311: *Richardson* v. *Bates,* 8 Ohio St. 257; *Thurber* v. *Dwyer,* 10 R. I. 355; Taylor's Landlord and Tenant, 7th ed., sec. 80; *McIntosh* v. *Lee,* 57 Iowa, 356.) The court erred in granting the writ of restitution on *ex parte* motion of defendants. The statute points out method of retention of premises by appellant. (Code, sec. 1860.) Not choosing to avail himself of the method of retention pointed out by statute, and not giving bond as required thereby, he must be presumed to have waived his right thereto, and should seek his claim in damages. The practice followed by the court herein is in utter disregard for the right of third parties who have acquired possession of premises, and no adequate remedy can be had to save a summary dispossession. The proceedings should have been in nature of *scire facias.* (*Bank of United States* v. *Bank of Washington,* 6 Pet. 9.) If the right of the parties to the record only were involved, yet the method is not applicable to this case. (Code, sec. 1860; *South Fork Canal Co.* v. *Gordon,* 2 Abb. 479, 488.)

*Mr. Joseph W. Robinson,* for the Defendant in Error.

The complaint does not state a cause of action. (Code, secs. 1820, 1821, 1822, 1837; see also chap. 164; Moak's Van Santvoord's Pleading, 3d ed., 322, 163; Bouvier's Law Dict. 599; Taylor's Landlord and Tenant, 7th ed., secs. 786, 787; *Williams* v. *Warren,* 17 Wend. 261; *Bell* v. *Pierce,* 11 Ill. 92; *Mattock* v. *Thompson,* 18 Ala. 600; *Frazier* v. *Hanlan,* 5 Cal. 156; *Watson* v. *Whitney,* 23 Cal. 375; Jones on Chattel Mortgages, sec. 237; 1 Jones on Mortgages, secs. 82, 533; *Gardner* v. *Moore,* 51 Ga. 268;

*Hunt* v. *Hazleton*, 20 Am. Dec. 575, and cases there cited.) The motion for the writ of restitution was properly granted. Plaintiff's counsel was present at the hearing of the motion, and submitted a written brief in opposition thereto. (*Kennedy* v. *Homer*, 19 Cal. 374; *Cowden* v. *Hartford*, 4 Ohio, 374; *Bank of United States* v. *Bank of Washington*, 6 Pet. 8; Powell on Appellate Proceedings, 288; Code, secs. 479, 857, 860.)

Mr. Justice TURNER delivered the opinion of the court.

The only error assigned in the record is the action of the court below in sustaining a demurrer to the complaint, on the ground that it failed to state a cause of action. The complaint reads as follows: "Plaintiff complains of defendant, and for cause of action alleges that at all times hereinafter mentioned the plaintiff was and now is the owner of certain premises situate in Thurston County, Washington Territory, and more particularly described as that certain piece of land lying adjacent to and south of Chambers's Prairie, and known as that portion of the Guthrie donation claim lying west of the county road; that on the tenth day of March, 1884, this plaintiff leased said premises to defendant by written lease, which said lease was not witnessed or acknowledged; that by the terms of said lease it was provided that if either party became dissatisfied *at any time*, the lease should be terminated by the giving of one month's notice at the end of the year to terminate said lease. The plaintiff, being dissatisfied with the defendant, did, on or about the —— day of November, 1884, give to the defendant verbal notice to terminate said lease and vacate said premises at the ending of the first year of said lease, and did on the ninth day of February, 1885, give to defendant written notice to so terminate said lease at the end of the year, and to vacate said premises by

the twenty-eighth day of March, 1885; that said lease was made and entered into the tenth day of March, 1884, and the first year ended on the tenth day of March, 1885; that defendant has not vacated said premises or surrendered the same, and forcibly detains possession of said premises from plaintiff; that by reason of said forcible detainer by defendant, plaintiff has suffered damage in the sum of fifty dollars."

The averments of this pleading are *vague* and *indefinite*, and it is defective in other respects; yet, when bolstered by the rule of liberal construction commanded by the Code, we think we discern a cause of action. A suitor is no longer to be turned out of court, if by making all reasonable intendments in his favor enough can be seized hold of in his pleadings to show that he has rights which ought to be enforced. He may be required on motion to conform his statement to the rules of good pleading, and if he refuse, may be turned out of court; but as against a demurrer, the office of which is to raise a substantial issue on the law of the case, and not on the law of practice and pleading, evidentiary facts, and even inferences from averments amounting to mere conclusions of law, will be considered in his favor.

Bearing these principles in mind, and applying them to this pleading, we are enabled to see that the plaintiff, by an instrument in writing not witnessed or acknowledged, leased the premises described in the complaint to the defendant for at least one year, and probably for a longer period, and that the defendant went into possession under said lease; that the plaintiff had the option under said lease of terminating the tenancy at the end of one year, by giving the defendant one month's notice to that effect; that the plaintiff did give notice to terminate the tenancy one month and more prior to the end of the year, and that the defendant has since failed and refused to vacate the premises. If effect is to be given to the

lease pleaded, then clearly the defendant is holding over unlawfully after the termination of his right, and the plaintiff is entitled to recover the possession under the chapter relating to forcible entry and detainer. (Code, secs. 1837, 2058.)   If the lease is ineffective for any purpose, because, being for a longer period than one year, it is not witnessed and acknowledged, then the defendant was a tenant at will or by sufferance, and the notice to quit averred in the complaint was efficacious to terminate that tenancy equally with a tenancy under the lease. It is manifest that the lease, if its terms do not govern the right of plaintiff to terminate the tenancy, does not govern the terms of payment of rent so as to create a period before the end of which, agreeably to the provisions of section 2054 of the Code, the plaintiff would be powerless to terminate the tenancy.

We find no warrant in the Code for the idea advanced by counsel for the appellee, that a formal averment to the effect that the defendant unlawfully holds the premises by force is necessary in such a case as this.

Judgment reversed, and cause remanded for a new trial.

GREENE, C. J., and LANGFORD, J., concurred.