[No. 3738.   Decided  January 12, 1901.]

S. F. HARRIS, *Respondent*, v. N. P. HALVERSON, *Appellant.*

PLEADING—CONCLUSION OF LAW—HOW CORRECTED.

The objection that some of the allegations in a complaint are conclusions of law must be reached by motion and will not render the complaint subject to demurrer for want of facts, if the insufficiency pertains to the form rather than to the substance of the complaint, and if substantial facts constituting a cause of action can be inferred by reasonable intendment from the matters which are set forth.

LANDLORD AND TENANT—ACTION FOR POSSESSION—SUFFICIENCY OF COMPLAINT—ALLEGATIONS AS TO TITLE.

In an action by a tenant against a sub-tenant of premises, it is sufficient for the plaintiff to allege that he is the lessee of the premises, without deraigning his title.

SAME—TERMINATION OF TENANCY.

Under the rule that, as against demurrer, every reasonable' intendment and presumption is to be made in favor of the pleading, an allegation in a complaint that "said lease began and ended on the first day of each and every calendar month" is equivalent to an allegation of monthly tenancy, beginning on the first of each calendar month; and the allegation as to time of ending is mere surplusage.

SAME—NOTICE TO QUIT—SUFFICIENCY.

Where notice to quit has been served on a tenant more than twenty days prior to the expiration of his monthly tenancy, as required by statute, the fact that the notice gives him all of the first day of the succeeding month in which to vacate does not vitiate the notice, when the statute does not require the notice to specify that the tenant must remove on the day his tenancy is concluded.

INSTRUCTIONS—REFUSAL OF REQUEST—HARMLESS ERROR.

The refusal of the court· to give a requested instruction upon the matter of nominal damages is not prejudicial error, when the jury finds only nominal damages in favor of plaintiff.

UNLAWFUL DETAINER—ACTION BY SUCCEEDING LESSEE.

Where a tenant refuses to give up possession at the expiration of his term, an action may be maintained against him by a lessee whose term immediately follows.

APPEAL—HARMLESS ERROR—LEADING QUESTIONS.

Allowing or refusing leading questions is not generally a ground for reversal, unless there appears to be a clear abuse of discretion.

EVIDENCE—HEARSAY.

The testimony of a witness, who claimed to have served a notice on defendant, that he consulted an attorney and ascertained the attorney's opinion as to the proper method of serving the notice is hearsay evidence and not testimony as to attending circumstances, and its admission was prejudicial error, when the service of such notice was an issue in the case.

Appeal from Superior Court, King County.—Hon. WILLIAM HICKMAN MOORE, Judge. Reversed.

*Fred H. Peterson,* for appellant.

*Fred Rice Rowell,* for respondent.

The opinion of the court was delivered by

WHITE, J.—The complaint in this action, omitting formal parts, is as follows:

1. "That the plaintiff is the lessee and entitled to the possession of that second and upper story of that certain brick building located on the southwest corner of 2d avenue and Union streets, in the city of Seattle, and state of Washington, county of King, known as 'Bigelow Block,' and is entitled to collect all rents due and owing and payable from the tenants of said upper story of said building after May 1st, A. D. 1900.

2. That the defendant, N. P. Halverson, has occupied room numbered 7 in said second and upper story of said block under a verbal lease from month to month made by I. N. Bigelow, the owner of said building, and that said lease began and ended on the 1st day of each and every calendar month.

3. That on the 9th day of April, A. D. 1900, and more than 20 days prior to the expiration of the monthly term of said lease for the month ending May 1st, A. D. 1900, said I. N. Bigelow, desiring to terminate said monthly lease of this defendant, served notice, by delivering a copy thereof personally to this defendant, requiring him, this defendant, to quit the said premises at the expiration of said month ending May 1st, 1900.

4. That said defendant continues in possession of said room No. 7 in person continually, since May 1st, A. D. 1900, without the permission of this plaintiff, and by reason whereof this plaintiff has sustained damages in the sum of $50," etc.

To this complaint a demurrer was interposed, upon the ground that it did not state facts sufficient to constitute

a cause of action, which demurrer was overruled, and this is assigned as error. No motion to make the complaint more definite or certain was made. The appellant contends that the allegation that plaintiff "is the lessee and entitled to the possession of that second and upper story * * * and is entitled to collect all rents due and owing and payable from tenants of said upper story, after May 1st, A. D. 1900," is a conclusion of law that would result from certain facts, such that on a certain date the plaintiff, by virtue of an agreement, had become the tenant of said Bigelow, and whatever her rights may have been, and also that by virtue thereof she was entitled to all the rents, and that there was an attornment by the tenant; but to allege merely that she was the lessee, not stating when or how it happened, or what was done, is not complying with the statute, which requires "the complaint must set forth the facts on which he seeks to recover." Even if we conceded, for the purpose of this decision, that the allegation is a conclusion of law, yet it is not such an objection as can be urged upon demurrer.

"Thus, if instead of alleging the issuable facts the pleader should state the evidence of such facts, or even a portion only thereof, unless the omission was so extensive that no cause of action at all was indicated, or if he should aver conclusions of law, in place of fact, the resulting insufficiency and imperfection would pertain to the form rather than to the substance, and the mode of correction would be by a motion, and not by a demurrer." Pomeroy, Code Remedies, § 549.

This rule was adopted by the supreme court of the territory of Washington in the case of *Chambers v. Hoover*, 3 Wash. T. 107 (13 Pac. 466), and re-affirmed by this court in *Isaacs v. Holland*, 4 Wash. 54 (29 Pac. 976). The true doctrine is that every reasonable intendment and presump-

tion is to be made in favor of the pleading, and if substantial facts which constitute a cause of action are stated in the complaint, or can be inferred by reasonable intendment from the matters which are set forth, although the allegations of these facts are conclusions of law, or otherwise imperfect, incomplete, and defective, such insufficiency pertaining to the form rather than to the substance, the proper mode of correction is not by demurrer nor by excluding evidence at the trial, but by a motion before the trial to make the averments more definite and certain by amendment.      Pomeroy, Code Remedies, §§ 547, 549.

This court has held that an allegation that the plaintiffs are "owners" of the premises is sufficient, without deraigning their title.  *Shannon v. Grindstaff,* 11 Wash. 536 (40 Pac. 123).  We think the allegation that the plaintiff is "lessee" falls within the same rule.

From the context in paragraph two of the complaint, it is manifest that the allegation "that said *lease* began and ended on the first day of each and every calendar month" is equivalent to alleging that said *tenancy* began, etc.  This paragraph alleges that defendant occupied room No. 7 under a verbal lease from month to month.  This is an allegation of a monthly tenancy.  It is claimed, however, that no such tenancy could begin and end on the first day of every calendar month.  The allegation of this paragraph, construed under the rule hereinbefore stated, amounts to this:  That appellant was a tenant from month to month; that his tenancy began on the first of each calendar month.  The allegation as to when it ended is therefore mere surplusage; for, under the authorities cited by the appellant, and under the law as we understand it to be, if the monthly term began on the first day of the month, it would end on the last.  The allegation of the

third paragraph of the complaint is to the effect that on the 9th of April, 1900, prior to the expiration of the monthly term, respondent served on the appellant notice to quit said premises at the expiration of said month *ending May 1, 1900.* There was no tenancy ending May 1, 1900. The monthly tenancy ended on April 30th. The notice was served on April 9, 1900. As we have said, the proper construction of the second paragraph of the complaint is that the tenancy began on the first of each calendar month. The said month referred to in paragraph three means the calendar month of April, and under it the notice served was admissible in evidence, and the words "ending May 1, 1900," could not have misled the appellant as to the meaning of the notice. The notice actually served was as follows:

"Notice is hereby given and extended that you are hereby required to quit, surrender up, and deliver to the undersigned, the possession and occupancy of those certain premises described as follows, to wit:—Photographic rooms No. seven (7) on second floor of Bigelow Block, corner of 2d avenue and Union street, in the city of Seattle, state of Washington, which you now hold of me; and to remove therefrom and vacate said premises on or before the first day of May, A. D. 1900, pursuant to the statute in such case made and provided; and you are further notified that on said first day of May, A. D. 1900, the relation of landlord and tenant heretofore existing between the undersigned and yourself will thereupon cease and terminate. You are further notified hereby that, in case of your failure so to do, you will be guilty of unlawful detainer, and liable to an action for such unlawful detainer."

The tenant, under his contract of lease, had the right to occupy the premises until 12 o'clock midnight of April 30th. The mere fact that he was given by the notice all of the first day of May to remove we do not think

vitiated the notice, or amounted to a new contract of letting for another month or for any period of time. He was entitled, under the law, to *more* than twenty days' notice to quit before the expiration of his monthly tenancy. This he received, and, in addition, his landlord gave him all of the first day of the ensuing month to remove. This day, as the evidence shows, corresponded to the day upon which the rent was payable; the receipts showing that the rent was paid on the first day of the month in advance. The statute does not require 'the notice to specify the time at which the tenant must remove. It simply requires it to be served more than twenty days before the expiration of the tenancy. The notice in this case required the tenant to vacate on or *before* the 1st day of May and was a sufficient notice to vacate on April 30th, the day his tenancy expired. We are aware that it has been held:

"If a particular day is named in the notice it must be the day of, or corresponding to, the conclusion of the tenancy, and not to its commencement." Taylor, Landlord & Tenant (8th ed.), § 477.

But it has also been held that where there was a letting from month to month, and the tenancy began on the 18th of December, a notice to quit on the 17th of January was not sufficient; that the notice should have been to quit on the 18th of January. *Waters v. Young,* 11 R. I. 1 (23 Am. Rep. 409); *Steffens v. Earl,* 40 N. J. Law, 128 (29 Am. Rep. 214).

We think that all the tenant was entitled to was more than twenty days' notice before the 30th day of April, that his tenancy would end, and that giving an additional day, at the tenant's option, as was the effect of this notice, does not render it invalid.

The appellant calls attention to two leading questions, one of which was answered over his objection. Allowing or refusing leading questions is not generally a ground for reversal, unless there appears to be a clear abuse of discretion. We are not prepared to say there was such an abuse as to prejudice the appellant in this instance.

The appellant requested instructions as to nominal damages, and error is assigned for refusal to instruct on this point. The jury found nominal damages, and therefore the appellant was not prejudiced by the refusal of the court to instruct on that subject. The court instructed the jury, in substance, that, if they found the appellant was not entitled to the possession of the premises, they should find for the plaintiff "such sum, not exceeding fifty dollars, as you shall find from the evidence constitutes the damages, if any, sustained by the plaintiff by reason of the defendant's failure to surrender the premises at the time indicated in the notice." The court did not tell the jury, as assigned as error, that "they could find such damages as they might see fit." The record does not show this assigned error, and we will not further consider it.

There was evidence tending to show that from the first day of May, 1900, the plaintiff was the lessee of the owner of the premises in question, and in *Capital Brewing Co. v. Crosbie,* 22 Wash. 269 (60 Pac. 652), we held that, where a tenant refuses to give up possession at the expiration of his term, an action may be maintained against him by a lessee whose term immediately follows. The seventh assigned error is, therefore, not well founded.

We will consider together the fourth and fifth errors assigned, which are as follows: Permitting hearsay evidence to be introduced upon the trial, and refusing to strike out part of Bigelow's testimony. The appellant in his answer denied that notice to quit was served upon

him. Bigelow, the owner of the property, in his testimony in chief, testified positively on behalf of respondent that he delivered a copy of the notice to quit personally to appellant. This was all of the testimony in chief on that point offered by respondent. The appellant flatly contradicted Bigelow, and testified that no notice was served upon him by Bigelow, but that his (appellant's) wife gave him the notice on the 9th of April. The wife testified that on the 9th day of April, Bigelow came into their reception room and handed the notice to her, and she afterwards gave it to her husband. Under the undisputed facts in this case, the service, under the statute, could be made only by delivering a copy personally to the appellant. Bal. Code, § 5529. On rebuttal, Bigelow, over the objection of appellant, to which proper exceptions were saved, was allowed to testify that he consulted his attorney, Mr. Rowell, and ascertained the attorney's opinion as to the proper method of serving the notice. The following question was then asked, and answered by the witness:

"Q. From my (Rowell's) advice what did you do when you went to serve this notice—what did you understand that you must do? I will put that a little different: What did you understand that the statute of the state of Washington required you to do in order to make a service?

A. I understood, according to your instruction, and I supposed you knew, that I was to serve personally any notice of the kind. I had others to serve, and I was to serve personally on the parties themselves. You also instructed me that if they did not take it from my hand, and I would place it on their desk, I would serve it as effectively, and *consequently*, when I went in, I gave Mr. Halverson that notice. I was passing through there, and if he had not been in the room I could have seen him

in the other room. There was a large door opening in there. There was no reason why I should not give it to him."

The fifth assigned error is because the court did not strike out all of this answer after the word "consequently." The jury were entitled to know all of the circumstances attending the service of the notice, but conversations with, and advice of, attorneys prior to such service are not attending circumstances. Most of this testimony was hearsay evidence, and its tendency was to bolster up Bigelow's evidence.

"One of the most important of the rules excluding certain classes of testimony is that which rejects hearsay evidence. By this is meant that kind of evidence which does not derive its value solely from the credit to be attached to the witness himself, but rests also in part on the veracity and competency of some other person from whom the witness may have received his information. * * * The dangers of admitting hearsay evidence are especially obvious when issues of fact are to be determined by jurors who are not trained to discriminate between different grades of testimony; between those statements which in a legal sense are only gossip and others which are tested by cross-examination and sanctioned by the solemnity of an oath." 2 Jones, Evidence, § 299.

Part of the testimony which the appellant moved to strike was the conclusion of the witness, and as to that the motion should have been granted. But, if this were the only error, we would not consider it of sufficient importance to reverse the judgment. The other testimony of Bigelow, as to the advice of his attorney and what he understood from his conversation with him was clearly inadmissible, and from its nature must have been prejudicial, and it should not have been admitted over appellant's objection.

For that reason, the judgment of the court below is reversed and the cause is remanded for a new trial; appellant to recover his costs of this appeal.

DUNBAR, C. J., and REAVIS, ANDERS and FULLERTON, JJ., concur.