[No. 7266. Decided August 17, 1908.]

WALTER LOVEDAY, *Appellant*, v. R. H. PARKER, *Respondent,* T. A. WRIGHT *et al.*, *Garnishees.*[1]

APPEAL—PROCEEDINGS—TIME FOR TAKING. An appeal from an order discharging a garnishee must be taken within fifteen days after the entry thereof, under Bal. Code, § 6502.

SAME—APPEAL FROM SEVERAL ORDERS—DISMISSAL—EFFECT. The fact that an appeal from several orders was given too late to confer jurisdiction of the appeal as to the first order made, does not operate to dismiss the appeal as to the other orders.

SAME—RIGHT TO APPEAL—CONSENT TO ORDER. An appeal from an order dismissing garnishees will not be dismissed as having been made at the request of the plaintiff, where the main case had been involuntarily dismissed, as that operated to dismiss the garnishments, and the evident intent was to show that the garnishments were dismissed solely for that reason.

SAME—CESSATION OF CONTROVERSY — COSTS — UNACCEPTED OFFER. An appeal will not be dismissed on the ground of cessation of the controversy because of a tender by plaintiff of the amount claimed to be due, made after the appeal was taken, when the tender did not include the costs and was not accepted by the appellant; since an offer to settle, not accepted, does not end the controversy.

BILLS AND NOTES—ACTIONS—COMPLAINT—CONDITIONAL MATURITY. Where a note contained the signed indorsement of the maker that he would pay the same on demand "should I make a transfer of my real estate before this note becomes due," a complaint in an action commenced before maturity is good as against a demurrer, where it sets out the note and alleges, in the language of the endorsement, a transfer of the maker's real estate, and that the note is now due and payable.

PLEADING—AMENDMENT—CONSISTENCY—BILLS AND NOTES. In an action upon a note payable on demand in case the maker transfers his real estate before maturity, an amended complaint alleging the transfer of his real estate is not inconsistent with the original complaint alleging a transfer of "certain" of his real estate, and is allowable.

Appeal from a judgment of the superior court for Pierce county, Clifford, J., entered September 25, 1907, upon sustaining a demurrer to the amended complaint, dismissing an action upon promissory notes. Reversed.

[1]Reported in 97 Pac. 62.

*Raymond J. McMillan*, for appellant.

*Marshall K. Snell, Bertha M. Snell,* and *R. J. Burglehaus,* for respondent and garnishee.

MOUNT, J.—This action was originally brought on two causes of action, on two promissory notes, one for $935 payable August 1, 1907, and the other for $930 payable August 1, 1908, both drawing interest at the rate of six per cent per annum. The notes were executed by R. H. Parker and W. M. Parker, payable to the order of Dunham, Fletcher & Coleman. On the back of each of these notes was the following: "Should I make a transfer of my real estate before this note becomes due, I agree to pay same on demand. R. H. Parker." The original complaint was filed on March 21, 1907, before either of the notes appeared to be due upon their face. It alleged the transfer of the notes for value by the payee to the Elgin City Banking Company, and by the latter company to the plaintiff for collection, and "that said R. H. Parker has since the execution of said notes made transfer of certain of his real estate, and said note, together with interest thereon, is now due and payable by him." It also alleged demand and refusal to pay. The defendant did not demur to this complaint but filed an answer, and issues were joined by a reply. At the time the complaint was filed, writs of garnishment were sued out and served upon the State Bank of Sumner and several other garnishee defendants. The State Bank of Sumner answered that it had on deposit $1,860.37 in the name of R. H. Parker, but was not able to state whether the same was the property of the said Parker or a trust fund in his name. The other garnishee defendants answered that they were indebted to said Parker in various sums.

After the issues were made in the original case as above stated, the defendant R. H. Parker on July 9, 1907, moved to dissolve the garnishment on several grounds. At this hear-

ing, which was had on July 30, 1907, the court entered an order dismissing the garnishment against the State Bank of Sumner, and allowed the plaintiff ten days within which to file an amended complaint, and defendant R. H. Parker thereupon paid the note due August 1, 1907, and subsequently, within the ten days allowed therefor, the plaintiff filed an amended complaint declaring upon the second note, and changed the allegation relating to the transfer of defendant's real estate so as to read as follows: "That said R. H. Parker has since the execution of said note made a transfer of his real estate, and said note together with interest thereon from August 1, 1907, is now due and payable by him." Defendant R. H. Parker demurred to said amended complaint on the ground that it did not state a cause of action. This demurrer was sustained on August 24, 1907. Thereafter, on September 3, 1907, plaintiff gave notice that he elected to stand on the allegations of the amended complaint, and refused to plead further. On September 25, 1907, the court entered an order dismissing the action, and on September 30, 1907, an order was entered discharging the "remaining garnishment defendants." On October 5, 1907, the plaintiff gave notice of appeal from the order of July 30, dismissing the writ of garnishment against the State Bank of Sumner, also from the order of September 25 dismissing the action, and also from the order of September 30 discharging the remaining garnishees.

Respondent moves to dismiss this appeal upon the following grounds: (1) That this court has no jurisdiction of the appeal herein in so far as same purported to be an appeal from the order of July 30, 1907, dismissing the garnishment against the State Bank of Sumner, for the reason that no notice of appeal from such order was given within the time provided by law: (2) that the appellant is precluded from appealing from the judgment of dismissal of the remaining garnishments giving judgment for costs to said State Bank

of Sumner, as entered September 30, 1907, for the reason that the same was made and entered on the application of appellant; (3) that the respondent has, since this appeal was taken, tendered to appellant the amount in controversy, and at most there remains to be litigated but a trifling amount of costs.

There can be no doubt that the notice of appeal in this case came too late to give this court jurisdiction to review the order of July 30, discharging the writ of garnishment against the State Bank of Sumner. The notice of appeal was not given until October 5, 1907, which was much more than fifteen days required by statute in such cases. Bal. Code, § 6502 (P. C. § 1050). But the fact that the order of July 30 cannot be reviewed does not operate to dismiss the appeal as to other orders which may be reviewed. The second ground for dismissal is based upon the fact that appellant requested the court to enter the order of September 30, discharging the "remaining" writs of garnishment. The evident intent of the court in making and entering this order was to make clear the fact that these writs were discharged solely by reason of the dismissal of the main case. It was not voluntarily made at the request of the appellant. The court had ruled adversely to the appellant, and the order was made to show the facts. It was probably unnecessary to make the order of September 30, because the dismissal of the action discharged the garnishees by operation of law. *Seattle Trust Co. v. Pitner*, 17 Wash. 365, 49 Pac. 505.

The last ground of the motion is based upon the fact that, after the appeal was taken, the respondent tendered to the appellant the amount of the note sued upon with interest. There was no tender of costs, and appellant refused the tender. There has been no settlement of the controversy. It still exists. If appellant had accepted the offer another question would be presented. A mere offer of settlement where there is a refusal to accept does not settle the controversy. The motion to dismiss must therefore be denied.

The main question in the case is whether the court erred in sustaining the demurrer to the amended complaint. The complaint, among other things, alleged "that at the time of the execution of said note, before delivery thereof and as part of the consideration for the acceptance of said note by said Dunham, Fletcher & Coleman, the said R. H. Parker indorsed said note as follows: 'Mar. 15, 1905. Sould I make a transfer of my real estate before this note becomes due, I agree to pay same on demand. R. H. Parker'; that no part of the principal or interest of said note has been paid except interest thereon from August 1, 1907, and no more; that said R. H. Parker has since the execution of said note made a transfer of his real estate, and said note together with interest thereon from August 1, 1907, is now due and payable by him." This amended complaint is clearly sufficient as against a demurrer. The allegations in regard to a transfer of real estate might have been more definite or particular, but the ultimate facts are stated specifically in the language used in the note. The court might have required a more definite or particular statement of the facts upon motion therefor, but for the purpose of testing the sufficiency of the complaint by demurrer the ultimate facts stated are clearly sufficient to show that the note was due. *Harris v. Halverson*, 23 Wash. 779, 63 Pac. 549. The difference between the original complaint and the amended one upon this particular note is that the original complaint alleged that respondent has "made transfers of certain of his real estate," while in the amended complaint it is alleged that respondent has "made a transfer of his real estate." Respondent argues that these allegations are inconsistent with each other. They are different, no doubt, but the inconsistency is not of the character prohibited by statute. The one does not necessarily contradict the other, and may therefore be pleaded in the same pleading. *Irwin v. Holbrook*, 32 Wash. 349, 73 Pac. 360. We have no doubt that the amendment was proper and that the complaint states a cause of action.

The judgment of dismissal must therefore be reversed, and the cause remanded for further proceedings.

Hadley, C. J., Fullerton, and Rudkin, JJ., concur.

Dunbar and Crow, JJ., took no part.