[No. 17131.   Department Two.   June 17, 1922.]

## L. L. DIETZ, *Respondent*, v. JEFF BARTELL *et al., Appellants.*[1]

MECHANICS' LIENS (102)—PERSONAL LIABILITY ON FAILURE TO ESTABLISH LIENS. In an action to foreclose a mechanics' lien for labor by the employee of the contractor, no personal judgment can be given against the owner where no lien was established.

EVIDENCE (4)—JUDICIAL NOTICE—GEOGRAPHICAL FACTS. The court can take judicial notice that three tracts described in a mechanics' lien notice, situated in three sections, are contiguous.

MECHANICS' LIENS (95)—TRIAL OR HEARING—PROOF OF NECESSARY FACTS. Where a mechanics' lien for labor in constructing a house stated that it was situated on three contiguous tracts, failure to show what part of the land was necessary for the building is fatal.

SAME (95). Rem. Comp. Stat., § 1130, requires proof in the foreclosure of a mechanics' lien as to what amount of ground is necessary to satisfy the lien.

TRIAL (32)—REOPENING CASE. In an action to foreclose a mechanics' lien, tried to the court, it is error to deny a motion, made before entry of judgment, to reopen the case to permit lacking proof which was merely formal; in view of Rem. Comp. Stat., § 1147, providing for a liberal construction of the statute.

Cross-appeals from a judgment of the superior court for Grays Harbor county, Abel, J., entered October 1, 1921, upon findings in favor of the plaintiff, in an action to foreclose a mechanics' lien, tried to the court. Reversed on plaintiff's appeal.

*James P. H. Callahan,* for appellants.

*F. L. Morgan,* for respondent.

HOVEY, J.—The parties to this action are both appealing and we will continue to refer to them as plaintiff and defendant.

Defendant made a contract with one Nicholson for the erection of a dwelling upon acreage property.

[1] Reported in 207 Pac. 663.

Plaintiff commenced work for Nicholson in April of 1920 as a carpenter, at the rate of $8 per day. In the latter part of June, 1920, work ceased on the house by consent of the defendants while the contractor worked his crew on other jobs. On November 1, work was resumed on the house of the defendants, and about December 1 the contractor left suddenly, whereupon the defendants made arrangements with plaintiff to complete the building. The work was finished, and the parties being unable to agree upon settlement, a notice of lien was filed, in which the property upon which the building is situate is described as being in three different sections.

Upon the trial the court found that there was a balance due the plaintiff of $531.50, being in part money earned by him while he was working under Nicholson, and the balance under his direct contract with the defendants, and for this sum the court granted a personal judgment against the defendants, but refused to sustain any lien for the reason that no proof had been offered showing that the several pieces of ground were all a part of one tract.

The trial court first made a memorandum decision on August 26, and immediately thereafter each side moved for a new trial, and the motion of the plaintiff asked that the case be reopened and that he be permitted to establish the fact that the tracts of land referred to in the complaint are contiguous and constitute one tract comprising a small farm under one enclosure, and that the building in question is the farm house located thereon. The court thereafter denied both motions, and subsequently signed findings of fact, conclusions of law and decree.

Defendants complain that the trial court was without authority to enter a personal judgment for the work performed under Nicholson where no lien is

established, and with this contention we agree. This leads to a consideration of the plaintiff's appeal.

In our opinion, the evidence supports the findings of the court as to the amount due the plaintiff. We think the court erred in holding that this case was governed by *Farrington v. Bushnell*, 88 Wash. 155, 152 Pac. 991. In that case the tracts of ground were non-contiguous and there was no proof showing they were operated as one property, or upon which tract the building was situate. In this case we can take judicial knowledge of the fact that the tracts described are contiguous.

Plaintiff failed, however, to fully sustain his case by introducing the proof to show this land or what part of it was necessary for the building, and he also failed to prove what amount of ground was necessary to satisfy the lien and judgment, as required by § 1130, Remington's Comp. Stat. The requirement we have first mentioned does not seem to be covered any longer by statute, but though the statute fails to so prescribe, we think it is a matter of substantive law on the subject of mechanics' liens. Numerous authorities are cited in the note to *Wirsing v. Pennsylvania Hotel & Sanitarium Co.*, 226 Pa. 234, 75 Atl. 259, 26 L. R. A. (N. S.) 831.

By § 1147, Rem. Compiled Statutes, it is provided that this law shall be liberally construed with a view to effect its object. The proof lacking was of a formal character and the objection did not arise until the case was closed. The motion made by appellant to reopen the case was prior to entry of the judgment, and it being a trial before the judge, we see no good reason why it should not have been granted, and conclude that the trial court should have permitted plaintiff to supply this proof.

The judgment will be reversed on plaintiff's appeal, with directions to the trial court to reopen the case

and permit the introduction of the proof indicated, and to enter such decree of foreclosure as the proof warrants for the entire amount of the claim, together with a reasonable sum as attorney's fees.

PARKER, C. J., MAIN, HOLCOMB, and MACKINTOSH, JJ., concur.