[No. 18362. Department One. April 23, 1924.]

HERMAN VON SAXE, *Respondent*, v. JACOB E. BARNETT
et al., *Appellants.*[1]

TRIAL (32)—REOPENING CASE—DISCRETION—EFFECT OF MOTION FOR
NEW TRIAL. It is not an abuse of discretion, on timely motion for
a new trial in a personal injury case tried to the court, to reopen
the case for further evidence as to the reasonable value of medical
services paid for by the plaintiff.

Appeal from a judgment of the superior court for
King county, Gilliam, J., entered April 21, 1923, upon
findings in favor of the plaintiff, in an action in tort,
tried to the court. Affirmed.

*Poe, Falknor, Falknor & Emory,* for appellants.

*Stern & Cohen,* for respondent.

PARKER, J.—The plaintiff, Von Saxe, seeks recovery
of damages from the defendants Barnett and wife,
claimed to have resulted to him from the negligent
driving of their automobile on one of the streets of
Seattle, causing personal injuries to his minor son.
The plaintiff's claim of recovery of damages is the
amount of liability he has paid and incurred for medi-
cal, surgical and hospital services in properly caring
for his son incident to such injuries. The case was
tried in the superior court for King county sitting
without a jury; in so far as the question of negligence
is concerned, upon evidence taken upon a former trial
of the minor son by his guardian *ad litem* against the
defendants, the statement of facts in that case being
introduced in evidence in this case; and upon oral evi-
dence, in so far as the amount of damages is concerned.
Such trial resulted in findings and judgment awarding

[1]Reported in 224 Pac. 929.

to the plaintiff recovery as prayed for, from which the defendants have appealed to this court.

It is contended in behalf of appellants Barnett and wife that the evidence does not support the findings and judgment. The son was run over by the appellants' automobile while being driven in behalf of the community. The trial court found in substance that the proximate cause of the son's injuries was the excessive and unlawful speed at which the automobile was being driven, together with a failure of the driver of the automobile to sound any warning of its approach to the place of the accident. We have read all of the evidence in the statement of facts touching both the question of appellant's negligence and respondent's contributory negligence in allowing the son upon the street at the time. We deem it sufficient to say that we are convinced that the evidence does not preponderate against the trial court's findings and conclusions. We think it would be wholly without useful purpose to here analyze the evidence with a view of demonstrating the correctness of this conclusion upon our part.

Contention is made that, up to the close of the trial and the rendering of formal judgment, there was not sufficient evidence before the court to warrant any recovery, because there was then no proof of the reasonable value of the medical, surgical and hospital services rendered incident to the injury of the son. The findings of the court and the judgment thereon were made and rendered on the same day. Appellants filed timely exceptions to the findings, and also made a timely motion for new trial, the latter upon the ground, among others, of ". . . insufficiency of the evidence to justify the verdict or the decision . . .," being the seventh ground for new trial specified in § 399, Rem. Comp. Stat. [P. C. § 8225]. Upon the hearing of the motion for a new trial, the trial judge expressed

some doubt as to the sufficiency of the evidence to show the reasonable value of the medical, surgical and hospital services. Counsel for respondent then expressed a willingness, and, in substance, requested, that the case be opened for further evidence touching that question. This was granted by the court in an order disposing of the motion for new trial as follows:

"It is ordered that the motion for a new trial be, and the same is hereby denied, and the plaintiff is permitted to introduce further proof as to the reasonable value of his disbursements claimed to have been made by him and as alleged in his complaint, and the defendants may, if they desire, also offer proof to rebut the said testimony thus given by the plaintiff."

While this order seems in form to be a denial of appellants' motion for a new trial it is, in substance, a granting of that motion, in so far as the reasonable value of the services drawn in question is concerned. Contention is made in behalf of appellants that so opening the case for further evidence was erroneous, and even without jurisdiction, on the part of the court, because of the prior entry of the judgment upon the findings. We think this was not error or beyond the jurisdiction of the court, because, as we view it, appellants' motion for a new trial, having been timely made, suspended the operation of the judgment and prevented it being in effect final pending the disposition of that motion. So the trial court opened the cause for further evidence upon the question of the reasonable value of the medical, surgical and hospital services while it still had jurisdiction of the cause. We conclude that the trial court did not exceed its jurisdiction or abuse its discretion in this respect. We are also of the opinion that the evidence introduced upon the further hearing of the question of the reasonable value of the medical, surgical and hospital services was ample,

if the prior evidence was not, to sustain the trial court's conclusion as to the amount respondent was entitled to recover. After this further hearing, the trial court entered its formal final order, which was in substance its final judgment, making the judgment already entered its final judgment.

The judgment is affirmed.

MAIN, C. J., HOLCOMB, TOLMAN, and MACKINTOSH, JJ., concur.