[No. 21891. Department Two. December 12, 1929.]

ORA J. WILHITE, *Respondent,* v. M. P. LUDWIG *et al.,*
*Appellants,* LEWIS COUNTY SAVINGS & LOAN
ASSOCIATION, *Defendant.*[1]

*McMaster, Hall & Schaefer,* for appellants.

*R. C. Sugg,* for respondent.

HOLCOMB, J.—This is an action begun by respondent to enforce a lien for labor and materials performed

[1]Reported in 282 Pac. 847.

and furnished upon lots 7 and 8, block 1, Weir park, a plat of land in Clark county, Washington. There was a written building contract between the parties whereby respondent agreed to construct a dwelling and garage for the agreed sum of $3,150. The contract contained specifications and a provision that the work must be good and materials used must be of good grade. After respondent commenced work upon the house and had excavated the basement, had built the concrete basement walls, had erected the walls of the superstructure and the partitions, put the roof on the house and built porches, appellants became aware that the workmanship had been poor and that defective materials had been used contrary to the provisions of the contract. They thereupon posted a notice notifying respondent to keep off the lot until respondent heard from them. That notice was followed up by a further notice from an attorney on behalf of appellants, to the effect that the contract was terminated because of breach of contract for failure to furnish materials in accordance with the agreement, and ordered respondent to keep off the premises and remove his tools immediately. Respondent thereupon obeyed the order to discontinue work, and filed a lien for what he considered to be the value of the labor and materials furnished to the day he quit, and subsequently commenced this action, alleging the contract and the termination by appellants. He prayed foreclosure of his lien in the sum of $1,004.76 upon the real estate above described.

Appellants answered, among other things, alleging that respondent commenced the construction of the house, but, after the work had been begun, appellants objected to the careless, indifferent and unworkmanlike manner of construction and to the inferior and faulty materials used; objected to the failure of re-

spondent to construct the house in accordance with the plans and specifications set forth in the contract and that because of such faulty workmanship and inferior and defective materials, respondent's work was of no value to them; that much of the work had to be undone and replaced; that they were damaged in the sum of $750 because of the breach of the contract and for the delay in completion of the house in the further sum of $120; wherefore they demanded damages in the sum of $870.

Upon the trial, the trial court decided that, inasmuch as appellants had failed to prove that the work done had to be undone and the materials furnished replaced, the work was of some value, found the value thereof to be $850 and granted judgment in favor of respondent for that sum, together with attorney's fees and costs; adjudged that respondent had a lien for that amount and ordered it foreclosed.

There was no allegation or proof anywhere in the record that both of the lots in question were necessary for the satisfaction of the lien of respondent. The record shows that the house was built upon one lot only, namely, lot 7 in block 1, which is a lot of considerable size, being 222 feet by 96 feet on one end and 47 or 48 feet on the other.

As to the first claims of error on the part of appellants, they present essentially nothing but questions of fact.

An examination of the record shows that there was ample evidence to sustain the decree of the trial court. The inclusion of lot 8 in block 1 of Weir park in the foreclosure decree seems to be untenable. There is no proof that they were adjoining lots. The house was built on lot 7, only, and, so far as the proofs go, no more than the lot on which the house was built is necessary to satisfy the lien under the provisions of

Rem. Comp. Stat., § 1130. The case is governed by the decision in *Dietz v. Bartell,* 120 Wash. 443, 207 Pac. 663.

The decree is therefore modified to eliminate lot 8, block 1, Weir park, and stand as a judgment against lot 7.

Respondent will, however, recover costs on appeal for the reason that the error was inadvertent, does not affect the merits, and had the attention of the trial court been called to the situation, undoubtedly no decree would have been entered against lot 8.

As modified, the decree is affirmed.

MITCHELL, C. J., FULLERTON, and FRENCH, JJ., concur.

MAIN, J., concurs in the result.