[No. 23691. Department Two. October 13, 1932.]

JOHN D. ANKENY, *Respondent*, v. POMEROY GRAIN GROWERS, INC., *et al., Appellants.*[1]

[1]Reported in 15 P. (2d) 264.

2

*Francis A. Garrecht* and *C. Alex McCabe,* for appellants.

*Pedigo, Watson & Gose,* for respondent.

BEALS, J.—Under date December 18, 1922, Mr. and Mrs. H. F. Clodius leased to George W. Shepherd and A. L. Grover (Mr. Grover later transferring to Mr. Shepherd all his interest in the lease) a large tract of farm land in Garfield county for the term ending Oc-

tober 1, 1930, at an annual rental of eight thousand dollars, payable on or before December first of each year. The lease expired October 1, 1930, although the rental for the last year would not, according to the terms of the lease, be payable until the first day of December following.

October 1, 1930, after several months of negotiations, during all of which time Mr. Shepherd was farming the lands covered by his lease, Mr. and Mrs. Clodius, by warranty deed, conveyed the property to the plaintiff in this action, who, October 3, filed his deed for record. During the months of August and September, 1930, Mr. Shepherd harvested his year's crop of wheat and stored the same in convenient warehouses, receiving therefor negotiable warehouse receipts, upon which receipts the defendants Pomeroy Grain Growers, Inc., North Pacific Grain Growers, Inc., and Farmers National Grain Corporation (herein referred to as the grain companies), advanced Mr. Shepherd approximately sixteen thousand dollars.

February 17, 1931, plaintiff instituted this action against Mr. Shepherd, the three grain companies and two warehouses companies, for the purpose of recovering judgment against Mr. Shepherd for eight thousand dollars, which plaintiff alleged was due him for the last year's rent under the lease from Mr. Clodius; plaintiff also asking that he be awarded a landlord's lien upon wheat which he alleged had been grown on the land covered by the lease. In his complaint, plaintiff alleged that the other defendants claimed some interest in the wheat upon which plaintiff was seeking to establish his lien. The warehousemen with whom Mr. Shepherd had stored his wheat having issued therefor the usual negotiable warehouse receipts, Mr. Shepherd, in the course of his dealings with the defendant grain companies, assigned the warehouse re-

ceipts to them as security for the advances made to him, as above mentioned.

The issue here tried was the question of priority of claim, as against certain parcels of wheat, between plaintiff under his alleged landlord's lien and the defendant grain companies under their claim for advances made upon the security of the warehouse receipts. Trial to the court, sitting without a jury, resulted in a decree awarding plaintiff a lien upon a quantity of wheat held in storage by Ilia Warehouse & Milling Company, and upon another quantity of wheat in a warehouse operated by Pacific Coast Elevator Company. From this decree awarding plaintiff priority over their claims as to the quantities of wheat above referred to, the defendant grain companies have appealed.

Appellants contend that the trial court erred in not sustaining their demurrer to respondent's complaint and in overruling their objection to the introduction of any testimony thereunder, appellants contending that the complaint failed to state facts sufficient to constitute a cause of action, the property sought to be charged with a lien not being sufficiently described. Appellants further assign error upon rulings of the trial court admitting, over appellants' objection, evidence offered on behalf of respondent, in denying appellants' motion to dismiss at the close of the case, upon the order of the court reopening the case for the taking of further testimony, and other rulings of the trial court in connection with this matter, and finally, upon the entry of the decree awarding respondent a lien on the wheat described in the decree and in directing foreclosure.

At all stages of the case, appellants have been vigorously contending that respondent's complaint is

defective, in that it fails to sufficiently describe the wheat which respondent seeks to subject to his lien.

Ever since the decision in the case of *Chambers v. Hoover,* 3 Wash. Terr. 107, 13 Pac. 466, it has been the law of this jurisdiction that, in determining whether or not a complaint is sufficient as against a demurrer, the complaint will be liberally, not strictly, considered, and "even inferences from averments amounting to mere conclusions of law" will be construed in favor of the pleader. In the case of *Isaacs v. Holland,* 4 Wash. 54, 29 Pac. 976, this court said:

"Under our practice the old rule that a pleading must be most strongly construed against the pleader is not recognized. It must be liberally construed with an aim to arrive at substantial justice between the parties."

The case of *Harris v. Halverson,* 23 Wash. 779, 63 Pac. 549, is to the same effect, and in the recent case of *Johnson v. Berg,* 151 Wash. 363, 275 Pac. 721, this court said:

"Pleadings should be liberally construed for the purpose of enabling the parties to present their respective contentions to the court to the end that substantial justice may be accomplished."

We have examined the authorities cited by appellants in support of their contention that respondent's complaint is defective, but we are convinced that, upon the record before us, there appears nothing which, in this connection, requires a reversal of the decree appealed from. The complaint is in its terms very general, but we hold that the trial court did not err in overruling appellants' demurrer thereto.

Mr. Shepherd, in applying to appellants for advances against his wheat, certified in writing that he was the owner of the wheat, and that there were no liens or encumbrances against the same. For the purpose

of this opinion, we assume that, in all matters in connection with their dealings with Mr. Shepherd, appellants were acting in entire good faith.

■ Respondent's right to a lien upon any of the wheat raised by Mr. Shepherd is, of course, based upon the Clodius lease. This lease was, shortly after its execution, filed for record in the office of the auditor of Garfield county, and a certified copy thereof is before us. On the auditor's records, Mr. Shepherd's name, as the same appears in the body of the lease, is correctly spelled. His signature to the lease, according to the record thereof made by the auditor, reads "Geo. W. Sherherd;" and appellants contend that, because of this error, their objection to the introduction in evidence of the certified copy should have been sustained. The auditor testified, over appellants' objection, that, in the indices referring to the volume and page at which the lease would be found, Mr. Shepherd's name was correctly spelled. We find no merit in appellants' contention that the trial court erred in admitting the testimony of the county auditor in connection with the recording of the lease and the indexing thereof.

■ Appellants also object to the lease, because it appears that Mr. Clodius acknowledged the same before a court commissioner for Garfield county, who failed to attach his seal to the certificate of acknowledgment. Under Rem. Comp. Stat., § 85, paragraph (j), a court commissioner has authority to take acknowledgments of deeds, and under paragraph (k) of the same section, he is authorized to provide an official seal and to use the same in authenticating his official acts. By article IV, § 23, of the constitution of this state, a court commissioner is vested with "authority to perform like duties as a judge of the superior court at chambers," and a judge of the superior court, who

has no personal seal, has, under the law, authority to take and certify acknowledgments. Rem. Comp. Stat., § 59.

In the case of *State ex rel. Lockhart v. Claypool,* 132 Wash. 374, 232 Pac. 351, this court held that article IV, § 23, of the state constitution, providing for the appointment of a court commissioner, was self-executing, and that a regularly appointed court commissioner has all the powers that a judge of the superior court at his chambers had at the time of the adoption of the state constitution.

Rem. Comp. Stat., § 10564, referring to certificates of acknowledgment to deeds and other instruments, provides that the officer certifying to the acknowledgment shall affix thereto his official seal, "if any he has." The law does not require that every court commissioner have a seal; it merely authorizes him to provide himself with one. The certificate of acknowledgment is sufficient on its face. In this connection, Laws of 1929, chapter 33, p. 34, § 8, referring to conveyances of real estate, is to be considered.

Consideration of appellants' objections to the admission of the lease from Clodius to Shepherd convinces us that the same were without merit, and that the trial court did not err in receiving in evidence the certified copy of the lease.

Appellants contend that the lease is insufficient to support a landlord's lien, in that the same does not describe the crops to be raised on the land, other than in general terms, and that any possible right to a lien which might have existed under the lease was lost as soon as the crops were severed from the ground. One phase of the litigation, involving this lease and wheat grown thereunder, was before this court in the case of *State ex rel. Pacific Coast Elevator Co. v. Superior Court,* 169 Wash. 247, 13 P. (2d) 900. We are satis-

fied that, under the lease now before us, respondent may maintain his claim to a landlord's lien upon wheat grown by the lessee, even after the wheat has been severed and placed in the warehouse.

Appellants contend that respondent should have filed for record in the office of the county auditor a notice setting forth his claim of lien upon the crop raised by Mr. Shepherd during the season of 1930. We find no merit in this contention. Respondent's right to a lien under the lease itself is clear. *State ex rel. Pacific Coast Elevator Co. v. Superior Court, supra.* Chapter 256, Laws of 1927, p. 577 (Rem. 1927 Sup., §§ 1188-1 *et seq.*), refers to the matter of liens upon crops, including the lien allowed to a landlord.

October 1, 1930, Mr. and Mrs. Clodius conveyed to Mr. Ankeny by warranty deed the lands covered by the Shepherd lease. This deed recited that the premises covered thereby were free from all encumbrances, save a mortgage specifically therein referred to; and appellants contend that, by this deed, executed on the day the lease expired, although the last year's rental under the lease was not payable for approximately two months, the cancellation of the lease was effected, and any right to a lien which might theretofore have existed under the lease was abrogated. It clearly appears from the evidence that, by the agreement between Mr. Clodius and respondent, the rent due to the former was assigned to the latter. As the terms of this agreement were never made matter of record, appellants contend that, from the record, it must be held that the lease from Clodius to Shepherd had been canceled and any lien which might have existed thereunder extinguished as to third parties occupying the position of appellants.

We are unable to find any merit in these arguments. We hold that under the record as made, in so far as

appellants are concerned, the right under the lease to a landlord's lien was not extinguished, and that the same was transferred from Mr. Clodius to respondent.

At the close of the case (appellants introducing no evidence, but relying wholly upon the alleged insufficiency of the case made by respondent), the trial court took the matter under advisement, and later addressed a letter to the attorneys for the respective parties as follows:

"I am now considering the above case, and after reading the transcript of the testimony, I feel that I ought not to render a decision without some additional evidence touching the identification of the wheat claimed to be covered by the lien sought to be foreclosed. I will therefore entertain a motion by either side to reopen the case for further testimony on that point. If such action is desired it should be taken promptly, as I expect to be away for some time after July 25th."

Respondent then moved to reopen the case, which motion was granted and further testimony was received as to the identity of the property sought to be subjected to respondent's lien. No showing was made by affidavit at the time respondent moved to reopen the case. After this motion had been granted and evidence presented, an affidavit made by one of respondent's attorneys was filed in support of respondent's motion to reopen.

Appellants bitterly complain of the action of the trial court in suggesting that the case be reopened, and in granting respondent's motion to that effect. Appellants also contend that the affidavit of respondent's attorney was filed too late; that the same should not have been received or considered by the court below, and is entirely ineffective here.

This was an equitable action, tried to the court without a jury. Under such circumstances, the trial judge

is not a mere umpire or referee, limited in his powers concerning the scope of the evidence introduced merely to keeping score between the contending parties, and then required to decide the case upon the record as made. The court presides over the trial, controls the orderly conduct thereof, and also sits as trier of the facts.

In this latter capacity, it is the duty of the court to determine the rights of the parties from the evidence and in accordance with the law. As to the evidence, the court exercises a comprehensive control; it excludes improper evidence, and it may direct the production of lawful evidence. The court may propound questions to the witnesses if, in its opinion, the questions asked by counsel for the respective parties are not eliciting all the pertinent facts proper to be considered in determining the issues. In the exercise of a sound discretion, the trial court, when called upon to hear a case which the court will be required to decide upon the facts, has considerable authority in directing the taking of testimony and the introduction of evidence.

Courts are established for the purpose of doing justice between litigants in accord with law. A trial court is not so helpless that it must decide a controversy upon a record which is, in the court's opinion, incomplete for want of available evidence proper to be received, the admission of which would render the court better able to do justice between the parties, because of lack of authority to direct the taking of further testimony or the reopening of a case for that purpose. The technicalities in which some courts formerly delighted are now very generally disregarded, and the rendition of a just decision upon the merits of the controversy is deemed the principal consideration.

A party to litigation can acquire, as against the trial

court, no vested right in the maintenance of the *status quo* of an incomplete trial record, thereby depriving the court of its power to direct the taking of further testimony.

The following authorities are in point in connection with this phase of the case: *Rogers v. Miller,* 13 Wash. 82, 42 Pac. 525, 52 Am. St. 20; *Reiff v. Coulter,* 47 Wash. 678, 92 Pac. 436; *Simpson v. Sisters of Charity,* 108 Wash. 82, 182 Pac. 937; *Dietz v. Bartell,* 120 Wash. 443, 207 Pac. 663; *Von Saxe v. Barnett,* 129 Wash. 340, 224 Pac. 929; *Paxon Co. v. Board,* 201 Fed. 656; *Hudson Co. v. No-Name Hat Co.,* 174 Mich. 109, 140 N. W. 507; *Southern Ry. Co. v. Hatter & Son,* 165 Ala. 423, 51 So. 723; *Mondine v. Labaig,* 44 Cal. App. 781, 186 Pac. 1047.

Appellants rely upon the opinion of this court in the case of *Dolan v. Baldridge,* 165 Wash. 69, 4 P. (2d) 871, in which this court suggested that, upon the circumstances disclosed by the record in the case then being decided, the trial court, in making a ruling which, in the opinion of this court, was apparently unnecessary to the determination of the questions which the superior court was called upon to decide, might better have reserved his ruling until the question was presented by one of the parties. This court, however, expressly stated that it refrained from holding that the trial court on its own motion could not have entered the order in question. The case cited is not in point here, nor is the question there presented similar to that now being discussed.

We are satisfied that, from the record before us, it does not appear that the trial court abused its discretion in taking the action of which appellants complain, and we hold that, in this connection, the record is free from error. In our discussion of this phase of the

case, we are not undertaking to lay down affirmative rules which trial courts should follow; we are merely defining their authority and holding that, in the case at bar, the trial court, in the exercise of that sound discretion which is vested in it by law, did not transcend its power in reopening the case for the taking of further testimony; and that the record discloses no error in that regard of which appellants may now avail themselves.

Appellants argue that the testimony, considering that introduced at both hearings, does not support the decree of the trial court, for the reason that the particular wheat upon which the trial court awarded respondent a lien was not sufficiently identified. We have read the testimony with care, and are satisfied that the same supports the decree entered by the trial court.

Appellants earnestly contend that the trial court, in effect, considered the affidavit filed by one of respondent's counsel as an amplification of respondent's complaint, and, to all intents and purposes, considered the affidavit as an amendment to the pleading. In this connection, appellants rely upon the following well recognized rule laid down in 49 C. J. 497, § 655:

"It is quite generally held that, where the evidence offered has been promptly objected to on the ground that such evidence does not tend to support the allegations of the pleadings, a motion to amend after admission of the evidence so as to conform to proof should not be granted, and if under such circumstances it is granted, it is an abuse of discretion . . ."

As above stated, we hold that respondent's complaint was not obnoxious to a demurrer for insufficient facts. The testimony offered by respondent tended to support the allegations of his complaint within the rule laid down in the text above quoted. If respondent's complaint needed amendment, the trial court had ample

authority to direct its amendment pursuant to paragraphs 8 and 9, Rules of Practice III (Rem. 1927 Sup., § 308-3), as adopted by this court January 14, 1927, 159 Wash. lx. Under this rule, the amendment, if proper, would be directed by this court.

The rights of the holder of a negotiable warehouse receipt have been considered by this court in the case of *Arnold v. Peasley,* 128 Wash. 176, 222 Pac. 472, in which we held that the purchaser of a negotiable warehouse receipt took the same subject to outstanding recorded liens. The doctrine of this case was very recently approved by this court in its opinion in *State ex rel. Pacific Coast Elevator Co. v. Superior Court, supra.*

The record in this case is free from error, and the judgment appealed from is affirmed.

TOLMAN, C. J., HOLCOMB, and MAIN, JJ., concur.

MILLARD, J., concurs in the result.