[No. 34595. Department Two. August 28, 1958.]

EUGENIA B. ALLEN, *Appellant*, v. OFFICE EMPLOYEES' INTERNATIONAL UNION *et al.*, *Respondents*.[1]

[1] Reported in 329 P. (2d) 205.

*Caughlan & Opendack,* for appellant.

*Houghton, Cluck, Coughlin & Henry* and *Paul Coughlin,* for respondents.

FOSTER, J.—There is here on appeal a judgment of dismissal following an order sustaining a general demurrer to the appellant's complaint. Appellant sued the respondent labor unions for wrongfully causing her to be dismissed from her employment. The complaint alleged the existence of the respondent local and international unions and that she was a member of both in good standing. Appellant alleged that she is a trained and competent stenographer and was employed as such until her wrongful discharge.

Paragraph No. 5 of the complaint[2] alleged respondents had notified appellant that charges had been filed against her for violation of the constitution and by-laws of the

[2]"On or about August 5, 1954, defendants notified plaintiff that charges had been filed against her in the Office Employees' International Union signed by defendant Robert E. Ryan, then president of defendant Local, said charges being, in substance, as follows:

"That plaintiff had violated various articles of the constitution and by-laws of the defendant Local and International Union, in that a witness before a Congressional committee had stated that a person of plaintiff's name was a member of the Communist Party; and it was further charged that plaintiff had refused to answer before the executive board of the Union the question, 'Are you now or have you ever been a member of the Communist Party?', thus purportedly and allegedly conducting herself in a manner to bring reproach upon the Union."

local and international unions in that she had refused to answer questions, before the executive board of the union, touching membership in the Communist party.

Paragraph No. 6 of the complaint[3] alleged a union trial upon those charges but that there was no evidence showing any violation of the unions' constitution or by-laws.

Neither the constitution nor by-laws were pleaded so the court does not know the provisions of either. It was further alleged that, as a result of the trial, plaintiff was suspended from union membership which would become expulsion unless, within six months, she made answer to named Federal agencies concerning her political beliefs and af-filiations.

The appellant alleged wrongful discharge from her employment caused by the respondent, and her ensuing damage.

The only ground of demurrer necessary for our consideration was whether the complaint stated a cause of action. It did.

The arguments and contentions of counsel on both sides have taken a wide range, but upon demurrer the issue is simple. We have no occasion to inquire as to whether or not a voluntary association may adopt a constitutional provision, or by-law, making the refusal to answer questions, touching membership in the Communist party, by a member, a ground of expulsion, for the fair inference from the complaint is that the respondents' constitution and by-laws did not contain such.

---

[3]"Thereafter, defendants purported to try plaintiff upon the purported charges referred to in the preceding paragraph; and on or about August 19, 1954, after a purported hearing, in which no evidence of any kind was introduced as to any violation of any provision of defendant Local and defendant International Union's constitution or by-laws, defend-ants Mildred Henry, Velma Crowder, Percy Lockitch, Janet Myhre and Dorothy Spencer, purporting to act as a trial committee of said union, purported to suspend plaintiff from said union, which action was con-firmed at a membership meeting on said date, said suspension to be-come expulsion within six months unless plaintiff would agree to go to to the Federal Bureau of Investigation, the United States Attorney, or the House Committee on Un-American Activities, and make a state-ment under oath concerning plaintiff's political beliefs and affiliations."

4

As against a general demurrer, a complaint will be construed most liberally in the pleader's favor. The complaint alleged the filing of charges that appellant had violated various articles of the constitution and by-laws of the respondent unions in that she refused to answer, before the executive board of the union, whether she had ever been a member of the Communist party or not. The complaint alleges a union trial but that there was no evidence of any violation of the constitution or by-laws of the respondent unions. It may be fairly inferred from the complaint that there is nothing in the constitution and by-laws of the respondent unions touching the matters with which the appellant was charged.

We recently had occasion to consider the applicable rule of law in testing a complaint upon a general demurrer in *McMahan v. Mutual Benefit Health & Acc. Ass'n,* 28 Wn. (2d) 202, 182 P. (2d) 4. We there said:

"In conformity with the provisions of the first of these statutes, this court has from early days consistently held that, in determining whether or not a complaint is sufficient as against a demurrer, the pleading will be liberally, not strictly, construed, and that 'even inferences from averments amounting to mere conclusions of law' will be construed in favor of the pleader. *Harris v. Halverson,* 23 Wash. 779, 63 Pac. 549; *Ankeny v. Pomeroy Grain Growers,* 170 Wash. 1, 15 P. (2d) 264; *Lidral Const. Co. v. Parker,* 9 Wn. (2d) 128, 113 P. (2d) 1022; *Cannon v. Miller,* 22 Wn. (2d) 227, 155 P. (2d) 500, 157 A. L. R. 530.

"Further, having in mind the provisions of the second of these statutes, we have likewise as consistently held that where substantial facts constituting a cause of action are stated in the complaint or can reasonably be inferred from the matters set forth therein, although the allegations of such facts are in effect conclusions of law, or are otherwise imperfect, incomplete, or defective, the insufficiency pertaining to the form rather than to the substance of the pleading, the proper mode of correction is not by demurrer nor by excluding evidence at the trial, but by motion before trial to make the averments more definite and certain by amendment. *Harris v. Halverson, supra; Grout v. Tacoma Eastern R. Co.,* 33 Wash. 524, 74 Pac. 665; *Loveday v. Parker,* 50 Wash. 260, 97 Pac. 62; *Cannon v. Miller, supra.*"

██ ██ A member of a voluntary association may be expelled only upon grounds contained in the constitution and by-laws of such organization. The law was succinctly stated by the California district court of appeals in *Harris v. National Union of Marine Cooks & Stewards*, 98 Cal. App. (2d) 733, 221 P. (2d) 136, in the following paragraph:

"The constitution of the union constitutes a contract with the members and is the measure of the authority conferred upon the organization to expel or otherwise discipline them. (*Smetherham v. Laundry Workers' Union*, 44 Cal. App. 2d 131, 136-137 [111 P. 2d 948]; *Dingwall v. Amalgamated Assn. etc.*, 4 Cal. App. 565, 569 [88 P. 597]; *Bush v. International Alliance*, 55 Cal. App. 2d 357, 364 [130 P. 2d 788]; *Weber v. Marine Cooks' & Stewards' Assn.*, 93 Cal. App. 2d 327, 334-335 [208 P. 2d 1009].)"

Accord: *Leo v. Local Union No. 612 of International Union of Operating Engineers*, 26 Wn. (2d) 498, 174 P. (2d) 523, 168 A. L. R. 1440.

The order sustaining the demurrer was erroneous, and the judgment of dismissal is reversed and the cause remanded with instructions to overrule the demurrer.

HILL, C. J., DONWORTH, WEAVER, and ROSELLINI, JJ., concur.

---

March 4, 1959. Petition for rehearing denied.